THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

05 - 11694 RCL

ERIC C. PEARCE                    :    CIVIL ACTION NO.:
29 Amble Road                     :
Chelmsford, Massachusetts         :
                                  :
        Plaintiff,                :
                                  :    MAGISTRATE JUDGE Alexander
                                  :
v.                                :    JURY TRIAL DEMANDED
                                  :
KEITH BAUMM                       :
9 Lincoln Street                  :
East Boothbay, Maine  AND         :
ADVANCED COMPOSITE                :
ENGINEERING D/B/A                 :
AEGIS BICYCLES                    :
44 Elm Street                     :
Camden, Maine                     :
                                  :
        Defendant,                :    AUGUST 15, 2005

RECEIPT #_____ 66305
AMOUNT $_____ 250
SUMMONS ISSUED_____
LOCAL RULE 4.1_____
WAIVER FORM _____
MCF ISSUED_____
BY DPTY CLK_____
DATE_____

## COMPLAINT

The plaintiff, Eric C. Pearce, upon information and belief, hereby alleges the

following:

## PARTIES

1.    At all times relevant hereto, the plaintiff, Eric C. Pearce, was resident of

29 Amble Road, Chelmsford, Massachusetts.

2.    At all times relevant hereto, the defendant, Advanced Composite

Engineering d/b/a Aegis Bicycles (hereinafter, "Aegis"), was a Maine corporation with

its principle place of business located at 44 Elm Street, Camden, Maine. At all such

times, Keith Baumm was President of Aegis.

3.    At all times relevant hereto, the defendants were engaged in the business

1

of designing, manufacturing, marketing, distributing and/or selling carbon fiber bicycle

forks known as the "Aegis 700c Hotrod Fork" (hereinafter, "Hotrod Fork") for consumer

purchase and use.

## JURISDICTION AND VENUE

4.      Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1332, as the

plaintiff and defendants are citizens of different states and the amount in controversy

exceeds the sum of $75,000.00, exclusive of interest and costs.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391, as this is the

judicial district in which the events giving rise to this claim occurred and the defendant

has sufficient contacts with the Commonwealth of Massachusetts to subject it to the

jurisdiction of this Court.

## FACTUAL ALLEGATIONS

6.      On or about March 12, 2001, the plaintiff, Eric C. Pearce, purchased a

carbon fiber bicycle fork, the Hotrod Fork, from the defendant, Aegis.

7.      The Hotrod Fork was manufactured by the defendant, Aegis, and has an

express lifetime warranty to be free from defects in materials and workmanship.

8.      On or about June 16, 2002, the plaintiff, Eric C. Pearce, contacted the

defendant, Aegis, via E-mail, to inquire about the durability of his Hotrod Fork because

hairline paint cracks present at the cut outs of his Hotrod Fork and due to third-party

reports of failures.

9.      On or about June 31, 2002, after exchanging several E-mail transmissions

with Keith Baumm, the President of Aegis, instructed the plaintiff to ship the Hotrod

Fork to Aegis to be inspected for any defects.

2

10.    On or about August 19, 2002, Keith Baumm, represented to the plaintiff, Eric C. Pearce, that the Hotrod Fork was free from any defect.

11.    On or about August 22, 2002, Aegis' President, Keith Baumm, shipped the Hotrod Fork back to the Plaintiff.

12.    At all relevant times, the Hotrod Fork was being used for the purpose for which it was intended and in a reasonably foreseeable manner.

13.    On or about June 29, 2004, the plaintiff, Eric C. Pearce was riding a bicycle equipped with the Hotrod Fork when suddenly and without warning, the Hotrod Fork sheared at its crown.

14.    As a result its defective condition, the Hotrod Fork collapsed, throwing the plaintiff, Eric C. Pearce, to the pavement causing him severe, life threatening, permanent injuries, disfiguring scars and property damage.

15.    The Plaintiff's injuries and damages were caused by the defective and unreasonably dangerous condition of the Hotrod Fork.

## COUNT I

### (Negligence)

16.    The plaintiff, Eric C. Pearce, hereby incorporates by reference each and every allegation set forth above as fully as if the same were recited herein at length.

17.    The aforesaid collision and resulting personal injuries suffered by the plaintiff, Eric C. Pearce, were proximately caused by the negligence, carelessness, gross negligence, willful and wanton misconduct, and or the otherwise culpable conduct of the defendant, its agents, servants, and/or employees, and workers, including, but not limited to the following:

3

a.  The design of the Hotrod Fork was defective and unreasonably dangerous to consumers in that it was not of sufficient strength to withstand the forces reasonably anticipated in bicycling;

b.  The design of the Hotrod Fork was defective and unreasonably dangerous in that its thickness was insufficient to withstand the forces reasonably encountered in bicycling;

c.  The design of the Hotrod Fork was defective and unreasonably dangerous in that it incorporated combinations of composite and aluminum components of insufficient strength to withstand the forces reasonably encountered in bicycling;

d.  The design of the Hotrod Fork was defective and unreasonably dangerous in that it incorporated combinations of composite and aluminum components in an improper manner so as to be of insufficient strength to withstand the forces reasonably encountered in bicycling;

e.  The design of the Hotrod Fork was defective and unreasonably dangerous in that the aluminum used in its fabrication was of insufficient strength to withstand the forces reasonably anticipated in bicycling;

f.  The design of the Hotrod Fork was defective and unreasonably dangerous in that it could not be used as anticipated without a sudden and catastrophic failure;

g.  The Defendants failed to exercise reasonable care and diligence in the design of the Hotrod Fork so to prevent the weakened condition and the ultimate shearing of the fork's crown during reasonably foreseeable bicycling;

h.  The manufacture of the Hotrod Fork was defective and unreasonably dangerous to consumers in that it was not of sufficient strength to withstand the forces reasonably anticipated in bicycling;

i.  The manufacture of the Hotrod Fork was defective and unreasonably dangerous in that its thickness was insufficient to withstand the forces reasonably encountered in bicycling;

j.  The manufacture of the Hotrod Fork was defective and unreasonably dangerous in that it incorporated combinations of composite and aluminum components of sufficient strength to withstand the forces reasonably encountered in bicycling;

k.  The manufacture of the Hotrod Fork was defective and unreasonably dangerous in that it incorporated combinations of composite and aluminum components in an improper manner so as to be of insufficient strength to withstand the forces reasonably encountered in bicycling;

l.  The manufacture of the Hotrod Ford was defective and unreasonably dangerous in that the aluminum used in its fabrication was of insufficient strength to withstand the forces reasonably anticipated in bicycling;

    m.  The Defendants failed to exercise reasonable care and diligence in the manufacture of the Hotrod Fork so to prevent the weakened condition and the ultimate shearing of the fork's crown during reasonable foreseeable bicycling;

    n.  The Defendants distributed and/or sold the Hotrod Fork in a defective condition, unreasonably dangerous to consumers;

    o.  The Defendants failed to test the Hotrod Fork so as to determine whether it was of sufficient strength to withstand forces reasonably encountered in bicycling;

    p.  The Defendants failed to properly test the Hot Rod Fork when it was returned for its inspection subsequent to sale before placing its product back into the stream of commerce;

    q.  The Defendants acted in a willful, wanton, and reckless manner evidencing a reckless disregard for the rights of the plaintiff by returning the Hotrod Fork back to Eric C. Pearce in a defective and unreasonably dangerous condition; and,

    r.  The Defendants made material misrepresentations concerning the Hotrod Fork's structural integrity, quality, and reliability upon which the Plaintiff relied to his detriment thereby luring the plaintiff into a false sense of security as to the use of the Hotrod Fork.

19.    As a direct and proximate result of the negligence, carelessness of the defendant as aforesaid, the Plaintiff, Eric C. Pearce, has incurred substantial expenses for doctors, hospital visits, medical care, physical therapy, x-rays and CT Scans, prescriptions and will be forced to incur further such medical expenses as a result of the injuries sustained by the plaintiff, all to his detriment.

20.    As a further direct and proximate result of the negligence and carelessness of the defendants as aforesaid, the plaintiff, Eric C. Pearce, was forced to miss time from his employment, to his detriment, has experienced a loss to his earning capacity.

21.    As a further direct and proximate result of the negligence and carelessness of the defendant as aforesaid, the plaintiff, Eric C. Pearce, was severely injured, suffered and will in the future suffer great pain of body, nerves and nervous system, was rendered permanently disabled, was rendered permanently disfigured, suffered a loss of wages and

loss of earning capacity, sustained property damages, has become and will in the future become liable to pay large sums of money for medical, hospital and rehabilitative attention, and was otherwise permanently injured.

## COUNT II

### (Breach of Express Warranty)

22.    The plaintiff, Eric C. Pearce, hereby incorporates by reference each and every allegation set forth above as fully as if the same were recited herein at length.

23.    In selling the Hotrod Fork to the plaintiff, Eric C. Pearce, the defendant, Aegis, expressly warranted that it would be free from defects in materials and design.

24.    Subsequent to the initial sale, in inspecting and returning the Hotrod Fork to the plaintiff, Eric C. Pearce, with the representation that the Hotrod Fork  was free from all defects, the defendants expressly warranted that it was free from all defects in materials and design.

25.    Notwithstanding these express warranties, the Hotrod Fork was not free from defects in materials and design and was unsafe in that the Hotrod Fork unexpectedly and without warning sheared at its crown under ordinary and foreseeable use.

26.    By failing to perform its duties as described above, the defendant, Aegis, breached its express warranty.

27.    As a direct and proximate result of the aforesaid breaches of express warranties, the Hotrod Fork failed and the plaintiff was severely injured, suffered and will in the future suffer great pain of body, nerves and nervous system, was rendered permanently disabled, sustained property damages, suffered a loss of wages and loss of earning capacity, has become and will in the future become liable to pay large sums of

6

money for medical, hospital and rehabilitative attention, and was otherwise permanently injured.

## COUNT III

### (Breach of Implied Warranty of Merchantability)

27.    The plaintiff, Eric C. Pearce, hereby incorporates by reference each and every allegation set forth above as fully as if the same were recited herein at length.

28.    In selling the Hotrod Fork to the plaintiff, Eric C. Pearce, the defendant, Aegis, impliedly warranted that the Hotrod fork was merchantable, fit for the ordinary purposes of such a product and safe for use in an ordinary or foreseeable manner.

29.    Subsequent to the initial sale, in inspecting and returning the Hotrod Fork to the plaintiff, Eric C. Pearce, impliedly warranted that the Hotrod fork was merchantable, fit for the ordinary purposes of such a product and safe for use in an ordinary or foreseeable manner.

30.    Notwithstanding these warranties, the Hotrod Fork was not merchantable, was unfit for the ordinary purpose of such a bicycle fork and the foreseeable consequences of the use of the Hotrod Fork and was unsafe in that the Hotrod Fork unexpectedly and without warning sheared at its crown under ordinary and foreseeable use.

31.    By failing to perform its duties as described above, the defendants breached their implied warranties of merchantability.

32.    As a direct and proximate result of the aforesaid breaches of the warranty of merchantability, the Hotrod Fork failed and the plaintiff was severely injured, suffered and will in the future suffer great pain of body, nerves and nervous system, was rendered

7

permanently disabled, sustained property damages, suffered a loss of wages and loss of

earning capacity, has become and will in the future become liable to pay large sums of

money for medical, hospital and rehabilitative attention, and was otherwise permanently

injured.

## COUNT IV

### (Breach of Implied Warranty of Fitness for a Particular Use)

32.    The plaintiff, Eric C. Pearce, hereby incorporates by reference each and

every allegation set forth above as fully as if the same were recited herein at length.

33.    In selling the Hotrod Fork to the plaintiff, Eric Pearce, the defendant,

Aegis, impliedly warranted that it would be fit for the particular use as a bicycle fork.

34.    Subsequent to the initial sale, in inspecting and returning the Hotrod Fork

to the plaintiff, Eric C. Pearce, with the representation that the Hotrod fork was fit for the

particular purpose for which it was intended, the Defendants breached their implied

warranty of fitness for a particular purpose.

35.    The defendants were aware of the specific purpose that the Plaintiff

intended for the Hotrod Fork.

36.    Notwithstanding these warranties, the Hotrod Fork was not fit for the

specific purpose for which it was intended and the foreseeable consequences of the

Defendants' breach rendered the Hotrod Fork unsafe in that it suddenly, unexpectedly

and without warning sheared at its crown under reasonably foreseeable use.

37.    By failing to perform its duties as described above, the defendants

breached their implied warranties of fitness for a particular use in riding a bicycle.

37.    As a direct and proximate result of the aforesaid breaches of warranty of

fitness for a particular use, the Hotrod Fork failed and the plaintiff was severely injured,

suffered and will in the future suffer great pain of body, nerves and nervous system, was

rendered permanently disabled, sustained property damages, suffered a loss of wages and

loss of earning capacity, has become and will in the future become liable to pay large

sums of money for medical, hospital and rehabilitative attention, and was otherwise

permanently injured.

**WHEREFORE,** the plaintiff demands judgment in his favor against the

defendant Advanced Composite Engineering d/b/a Aegis Bicycles for compensatory

damages, in an amount in excess of $5,000,000.00, along with prejudgment interest, costs

of this action, and such other further relief as the court may deem appropriate under the

circumstances.

## JURY DEMAND

**THE PLAINTIFFS CLAIM A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

Respectfully submitted:
THE PLAINTIFF,
Eric C. Pearce,
By his attorneys,
Ouellette, Deganis, Gallagher & Ward, LLC


Sergio C. Deganis
BBO#: 118130
143 Main Street, Cheshire, CT 06410
(203) 272-1157
Sdeganis@ODGWLAW.com

JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff   Middlesex
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Ouellette, Deganis, Gallagher & Ward, LLC
143 Main St. Cheshire, CT 06410

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br>☒ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332
Brief description of cause:
Personal injuries as a result of a defective product manufactured, designed and distributed by Defendants.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 5,000,000.00    CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE
08/15/2005

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1.  Title of case (name of first party on each side only)____Eric C. Pearce v. Keith Baumm____

    _____

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

    | | | |
    |---|---|---|
    | ☐ | I. | 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT. |
    | ☐ | II. | 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,  *Also complete AO 120 or AO 121<br>740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases |
    | ☑ | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,<br>315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,<br>380, 385, 450, 891. |
    | ☐ | IV. | 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,<br>690, 810, 861-865, 870, 871, 875, 900. |
    | ☐ | V. | 150, 152, 153. |

    05 11694 RCL

3.  Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    _____

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

    YES ☐        NO ☑

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

    YES ☐        NO ☑

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

    YES ☐        NO ☐

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

    YES ☐        NO ☑

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

    YES ☑        NO ☐

    A.    If yes, in which division do all of the non-governmental parties reside?

    Eastern Division ☑        Central Division ☐        Western Division ☐

    B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

    Eastern Division ☐        Central Division ☐        Western Division ☐

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes, submit a separate sheet identifying the motions)

    YES ☐        NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME __Sergio C. Deganis__

ADDRESS __143 Main St. Cheshire, CT 06410__

TELEPHONE NO. __(203) 272-1175__

(CategoryForm.wpd - 5/2/05)