UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIC C. PEARCE, | ) |
| | ) |
|     Plaintiff | ) |
| | ) CASE NO. CV11694-RCL |
| v. | ) |
| | ) |
| KEITH BAUMM and ADVANCED | ) |
| COMPOSITE ENGINEERING d/b/a | ) |
| AEGIS BICYCLES, | ) |
| | ) |
|     Defendants | ) |

## DEFENDANT KEITH BAUMM'S ANSWER TO COMPLAINT

NOW COMES the Defendant, Keith Baumm, and answers the Plaintiff's Complaint as follows:

### PARTIES

1.    Defendant Keith Baumm admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.    Defendant Keith Baumm admits the allegations in Paragraph 2 except that the location of the actual manufacturing facilities was Van Buren, Maine.

3.    Defendant Keith Baumm admits the allegations in Paragraph 3 except that he individually was not in that business, but rather was an owner and officer of Advanced Composite Engineering, a Maine corporation.

## JURISDICTION AND VENUE

4. Defendant Keith Baumm admits that Plaintiff and Defendants are citizens of different states but is without sufficient information or knowledge to admit or deny any allegation as to amount of controversy.

5. Defendant Keith Baumm admits the allegations in Paragraph 5 except that Keith Baumm does not have sufficient personal contacts with Massachusetts to subject him to personal jurisdiction.

## FACTUAL ALLEGATIONS

6. Defendant Keith Baumm admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendant Keith Baumm denies that Aegis manufactured every component of the Hotrod Fork and admits any other allegations set forth in Paragraph 7.

8. Defendant Keith Baumm admits that Aegis received an e-mail from Plaintiff Pearce, and states further that the content of the e-mail speaks for itself.

9. Defendant Keith Baumm admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendant Keith Baumm denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendant Keith Baumm admits that Aegis, not Keith Baumm, shipped the fork back to the Plaintiff.

12. Defendant Keith Baumm is without knowledge or information as to the truth or falsity of the allegations contained in Paragraph 12 of the Complaint, and therefore denies the same.

13. Defendant Keith Baumm is without knowledge or information as to the truth or falsity of the allegations contained in Paragraph 13 of the Complaint, and therefore denies the same.

14. Defendant Keith Baumm denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendant Keith Baumm denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

## COUNT I

### (Negligence)

16. Defendant Keith Baumm restates and realleges his responses to Paragraphs 1 through 15 of Plaintiff's Complaint.

17. Defendant Keith Baumm denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Omitted.

19. Defendant Keith Baumm denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendant Keith Baumm denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendant Keith Baumm denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

## COUNT II

**(Breach of Express Warranty)**

22. Defendant Keith Baumm restates and realleges his responses to Paragraphs 1 through 21 of Plaintiff's Complaint.

23. Defendant Keith Baumm admits the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendant Keith Baumm denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendant Keith Baumm denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendant Keith Baumm denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendant Keith Baumm denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

## COUNT III

**(Breach of Implied Warranty of Merchantability)**

27. [sic] Defendant Keith Baumm restates and realleges his responses to Paragraphs 1 through 27 of Plaintiff's Complaint.

28. Defendant Keith Baumm admits the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendant Keith Baumm denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendant Keith Baumm denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Defendant Keith Baumm denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Defendant Keith Baumm denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

## COUNT IV

### (Breach of Implied Warranty of Fitness for a Particular Use)

32. Defendant Keith Baumm restates and realleges his responses to Paragraphs 1 through 32 of Plaintiff's Complaint.

33. Defendant Keith Baumm denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Defendant Keith Baumm denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Defendant Keith Baumm denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Defendant Keith Baumm denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Defendant Keith Baumm denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

37. Defendant Keith Baumm denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

WHEREFORE, the Defendant, Keith Baumm, requests that Plaintiff's Complaint be dismissed and that he be awarded his costs and attorney's fees.

## DEFENSES

1. The Court has no personal jurisdiction over Keith Baumm individually.

2. The Plaintiff's claims are barred by his own comparative fault and/or assumption of the risk.

3. The Complaint fails to state a claim against Keith Baumm individually because he did not sell, warrant or inspect the fork in question.

4. Service upon Keith Baumm was not made within the appropriate time.

5. The claims are barred by the statute of limitations.

Date: _____

/s/ William J. Daily, Jr.
William J. Daily, Jr., BBO#112200
Brian H. Sullivan, BBO#629236
Attorneys for Defendant Keith Baumm
Sloane & Walsh, LLP
Three Center Plaza
Boston, MA 02108
(617) 523-6010

F:\Grace\Pearce\Answer - Baumm.doc

## CERTIFICATE OF SERVICE

I, Brian H. Sullivan, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NF) and paper copies will be sent to those indicated as non-registered participants on July 13, 2006.

/s/ Brian H. Sullivan
BRIAN H. SULLIVAN