## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **ERIC C. PEARCE** | : | **CIVIL ACTION NO.:** |
| **29 Amble Road** | : | **1:05-cv-11694** |
| **Chelmsford, Massachusetts** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **KEITH BAUMM** | : | |
| **9 Lincoln Street** | : | |
| **East Boothbay, Maine  AND** | : | |
| **ADVANCED COMPOSITE** | : | |
| **ENGINEERING D/B/A** | : | |
| **AEGIS BICYCLES** | : | |
| **44 Elm Street** | : | |
| **Camden, Maine** | : | |
| **AEGIS HANDMADE CARBON** | : | |
| **FIBER BICYCLES, LLC dba** | : | |
| **AEGIS BICYCLES** | : | |
| **68 Mechanic Street** | : | |
| **Camden, Maine, AND** | : | |
| **AEGIS RACING BIKES USA, LLC** | : | |
| **dba AEGIS BICYCLES** | : | |
| **68 Mechanic Street** | : | |
| **Camden, Maine, AND** | : | |
| **FASTBIKES USA, LLC dba** | : | |
| **AEGIS BICYCLES** | : | |
| **68 Mechanic Street** | : | |
| **Camden, Maine** | : | |
| **WYMAN-GORDON INVESTMENT** | : | |
| **CASTINGS, INC.** | : | |
| **839 Poquonnock Road** | : | |
| **Groton CT  06340** | : | |
| **STURM, RUGER & CO., INC** | : | |
| **Lacey Place** | : | |
| **Southport, CT 06890** | : | |
| | : | |
| **Defendants,** | : | **APRIL 4, 2007** |

## MOTION TO AMEND COMPLAINT

Pursuant to Fed. R. Civ. P. 15 (a), the undersigned plaintiff hereby moves this Court for leave to file the attached Amended Complaint. The undersigned represents that discovery has revealed the viability of causes of action against the newly added parties. The undersigned further represents that this amendment to the pleadings is within the scheduling order created by the parties and adopted by the Court, requiring amendments to the pleadings by April 10, 2007. The undersigned further represents that a copy of the proposed Amended Complaint was served upon all newly added parties on February 28, 2007 and that no newly added party has notified the undersigned of its objection to the filing of this Amended Complaint.

A copy of the proposed Amended Complaint is attached hereto.

Respectfully submitted:
THE PLAINTIFF,
Eric C. Pearce,
By his attorneys,
Ouellette, Deganis & Gallagher, LLC


Sergio C. Deganis
BBO#: 118130
143 Main Street, Cheshire, CT 06410
(203) 272-1157
Sdeganis@ODGLAW.com

## CERTIFICATION

I hereby certify that this document was filed via the CMECF filing system and notice was sent via electronic means thereby to the following counsel of record on April 4, 2007.

James Poliquin
Norman, Hanson & DeTroy, LLC
415 Congress Street
P.O. Box 4600
Portland, ME 04112-4600

By: _____
       Sergio C. Deganis
       BBO#: 118130
       143 Main Street, Cheshire, CT 06410
       (203) 272-1157
       Sdeganis@ODGLAW.com

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **ERIC C. PEARCE** | : | **CIVIL ACTION NO.:** |
| **29 Amble Road** | : | **1:05-cv-11694** |
| **Chelmsford, Massachusetts** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **KEITH BAUMM** | : | |
| **9 Lincoln Street** | : | |
| **East Boothbay, Maine  AND** | : | |
| **ADVANCED COMPOSITE** | : | |
| **ENGINEERING D/B/A** | : | |
| **AEGIS BICYCLES** | : | |
| **44 Elm Street** | : | |
| **Camden, Maine** | : | |
| **AEGIS HANDMADE CARBON** | : | |
| **FIBER BICYCLES, LLC dba** | : | |
| **AEGIS BICYCLES** | : | |
| **68 Mechanic Street** | : | |
| **Camden, Maine, AND** | : | |
| **AEGIS RACING BIKES USA, LLC** | : | |
| **dba AEGIS BICYCLES** | : | |
| **68 Mechanic Street** | : | |
| **Camden, Maine, AND** | : | |
| **FASTBIKES USA, LLC dba** | : | |
| **AEGIS BICYCLES** | : | |
| **68 Mechanic Street** | : | |
| **Camden, Maine** | : | |
| **WYMAN-GORDON INVESTMENT** | : | |
| **CASTINGS, INC.** | : | |
| **839 Poquonnock Road** | : | |
| **Groton CT  06340** | : | |
| **STURM, RUGER & CO., INC** | : | |
| **Lacey Place** | : | |
| **Southport, CT 06890** | : | |
| | : | |
| **Defendants,** | : | **APRIL 4, 2007** |

**AMENDED COMPLAINT**

The plaintiff, Eric C. Pearce, upon information and belief, hereby alleges the following:

## PARTIES

1.    At all times relevant hereto, the plaintiff, Eric C. Pearce, was resident of 29 Amble Road, Chelmsford, Massachusetts.

2.    At all times relevant hereto, Advanced Composite Engineering d/b/a Aegis Bicycles (hereinafter, "Advanced"), was a Maine corporation with its principle place of business located at 44 Elm Street, Camden, Maine. At all such times, Keith Baumm was President of Aegis.

3.    At all times relevant hereto, Advanced was engaged in the business of designing, manufacturing, marketing, distributing and/or selling carbon fiber bicycle forks known as the "Aegis 700c Hotrod Fork" (hereinafter, "Hotrod Fork") for consumer purchase and use.

4.    On February 19, 2004 and thereafter, the defendants Aegis Handmade Carbon Fiber Bicycles, LLC dba Aegis Bicycles (hereinafter "Handmade") and Aegis Racing Bikes USA, LLC dba Aegis Bicycles (hereinafter "Racing") were Maine Corporations with a principal place of business located at 68 Mechanic Street, Camden, Maine.

5.    On June 4, 2004 and thereafter, the defendant FastBikes USA, LLC dba Aegis Bicycles (hereinafter "FastBikes") was a Maine Corporation with a principal place of business located at 68 Mechanic Street, Camden, Maine.

6.    On or before May 28, 2004, the defendant Handmade acquired the Mortgage and Security agreements given by Advanced secured by Advanced's assets.

7.    On or about June 4, 2004, the defendant Handmade filed a notice of intention to foreclose and of liability for deficiency after foreclosure of the above mentioned Mortgages.

8.    On or about June 30, 2004, the defendant Handmade held a public option of the premises, all equipment and machinery, including power driven machinery and equipment, furniture and fixtures, all inventory, raw materials, work in process and supplies, accounts receivable, contract rights and general intangibles, patents and trademarks of defendant Advanced (collectively "collateral").

9.    On or about June 30, 2004, the defendant Handmade purchased the premises and collateral from defendant Handmade.

10.   On or about July 19, 2004, defendant Handmade designated defendant FastBikes to take title to the premises at the above mentioned closing.

11.   On or about July 19, 2004, defendant Handmade designated defendant Racing to take title to the collateral at the above mentioned closing.

12.   At all relevant times, there was continuity of ownership between defendants Handmade, FastBikes and Racing (collectively, "Aegis Defendants").

13.   On or about July 21, 2004 and thereafter, the Aegis Defendants continued the enterprise of defendant Advanced and engaged in the business of designing, manufacturing, marketing, distributing and/or selling carbon fiber bicycle forks known as the "Aegis 700c Hotrod Fork" (hereinafter, "Hotrod Fork") for consumer purchase and use.

14. At all times relevant hereto, Wyman-Gordon Investment Castings Inc., (Wyman-Gordon) was a Delaware corporation with its principle place of business located at 839 Poquonnock Road in Groton CT 06340.

15. At all times relevant hereto, Wyman-Gordon was engaged in the business of designing, manufacturing, marketing, distributing and/or selling of investment casting bicycle crowns for consumer purchase and use.

16. At all times relevant hereto, Sturm, Ruger & Co., Inc was a corporation with its corporate headquarters located at Lacey Place, Southport, CT 06890.

17. At all times relevant hereto, Pine Tree Castings was a wholly owned subsidiary of Sturm, Ruger & Co., Inc, with a principal place of business at 411 Sunapee Street, Newport, NH 03773.

18. At all times relevant hereto, Pine Tree Castings was engaged in the business of designing, manufacturing, marketing, distributing and/or selling of investment casting bicycle crowns for consumer purchase and use.


## JURISDICTION AND VENUE

19. Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1332, as the plaintiff and defendants are citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

20. Venue is proper in this district pursuant to 28 U.S.C. § 1391, as this is the judicial district in which the events giving rise to this claim occurred and the defendants

have sufficient contacts with the Commonwealth of Massachusetts to subject it to the jurisdiction of this Court.

## **FACTUAL ALLEGATIONS**

21.    On or about March 12, 2001, the plaintiff, Eric C. Pearce, purchased a carbon fiber bicycle fork, the Hotrod Fork, from the defendant, Advanced.

22.    The Hotrod Fork was manufactured by the defendant, Advanced, and has an express lifetime warranty to be free from defects in materials and workmanship.

23.    Advanced, outsourced the manufacturing of crowns used in the Hotrod Forks to Wyman-Gordon and/or Pine Tree Castings.

24.    Wyman-Gordon or Pine Tree Castings manufactured the specific crown for the Hotrod Fork that is the subject of this litigation.

25.    On or about June 16, 2002, the plaintiff, Eric C. Pearce, contacted the defendant, Advanced, via E-mail, to inquire about the durability of his Hotrod Fork because hairline paint cracks were present at the cut outs of his Hotrod Fork and due to third-party reports of failures.

26.    On or about June 31, 2002, after exchanging several E-mail transmissions with Keith Baumm, the President of Advanced, Baumm instructed the plaintiff to ship the Hotrod Fork to Advanced to be inspected for any defects.

27.    On or about August 19, 2002, Keith Baumm, represented to the plaintiff, Eric C. Pearce, that the Hotrod Fork was free from any defect.

28.    On or about August 22, 2002, Advanced's President, Keith Baumm, shipped the Hotrod Fork back to the Plaintiff.

29.    At all relevant times, the Hotrod Fork was being used for the purpose for which it

       was intended and in a reasonably foreseeable manner.

30.    On or about June 29, 2004, the plaintiff, Eric C. Pearce was riding a bicycle

       equipped with the Hotrod Fork when suddenly and without warning, the Hotrod

       Fork sheared at its crown.

31.    As a result its defective condition, the Hotrod Fork collapsed, throwing the

       plaintiff, Eric C. Pearce, to the pavement causing him severe, life threatening,

       permanent injuries, disfiguring scars and property damage.

32.    The Plaintiff's injuries and damages were caused by the defective and

       unreasonably dangerous condition of the Hotrod Fork.

## COUNT I

### (Negligence)

33.    The plaintiff, Eric C. Pearce, hereby incorporates by reference each and every

       allegation set forth above as fully as if the same were recited herein at length.

34.    The aforesaid collision and resulting personal injuries suffered by the plaintiff,

       Eric C. Pearce, were proximately caused by the negligence, carelessness, gross

       negligence, willful and wanton misconduct, and or the otherwise culpable conduct

       of Advanced, its agents, servants, and/or employees, and workers, including, but

       not limited to the following:

           a.  The design of the Hotrod Fork was defective and unreasonably
               dangerous to consumers in that it was not of sufficient strength to
               withstand the forces reasonably anticipated in bicycling;
           b.  The design of the Hotrod Fork was defective and unreasonably
               dangerous in that its thickness was insufficient to withstand the forces
               reasonably encountered in bicycling;
           c.  The design of the Hotrod Fork was defective and unreasonably
               dangerous in that it incorporated combinations of composite and

       aluminum components of insufficient strength to withstand the forces reasonably encountered in bicycling;

d. The design of the Hotrod Fork was defective and unreasonably dangerous in that it incorporated combinations of composite and aluminum components in an improper manner so as to be of insufficient strength to withstand the forces reasonably encountered in bicycling;

e. The design of the Hotrod Fork was defective and unreasonably dangerous in that the aluminum used in its fabrication was of insufficient strength to withstand the forces reasonably anticipated in bicycling;

f. The design of the Hotrod Fork was defective and unreasonably dangerous in that it could not be used as anticipated without a sudden and catastrophic failure;

g. Advanced failed to exercise reasonable care and diligence in the design of the Hotrod Fork so to prevent the weakened condition and the ultimate shearing of the fork's crown during reasonably foreseeable bicycling;

h. The manufacture of the Hotrod Fork was defective and unreasonably dangerous to consumers in that it was not of sufficient strength to withstand the forces reasonably anticipated in bicycling;

i. The manufacture of the Hotrod Fork was defective and unreasonably dangerous in that its thickness was insufficient to withstand the forces reasonably encountered in bicycling;

j. The manufacture of the Hotrod Fork was defective and unreasonably dangerous in that it incorporated combinations of composite and aluminum components of insufficient strength to withstand the forces reasonably encountered in bicycling;

k. The manufacture of the Hotrod Fork was defective and unreasonably dangerous in that it incorporated combinations of composite and aluminum components in an improper manner so as to be of insufficient strength to withstand the forces reasonably encountered in bicycling;

l. The manufacture of the Hotrod Ford was defective and unreasonably dangerous in that the aluminum used in its fabrication was of insufficient strength to withstand the forces reasonably anticipated in bicycling;

m. Advanced failed to exercise reasonable care and diligence in the manufacture of the Hotrod Fork so to prevent the weakened condition and the ultimate shearing of the fork's crown during reasonable foreseeable bicycling;

n. Advanced distributed and/or sold the Hotrod Fork in a defective condition, unreasonably dangerous to consumers;

o. Advanced failed to test the Hotrod Fork so as to determine whether it was of sufficient strength to withstand forces reasonably encountered in bicycling;

p. Advanced failed to properly test the Hot Rod Fork when it was returned for its inspection subsequent to sale before placing its product back into the stream of commerce;

q. Advanced acted in a willful, wanton, and reckless manner evidencing a reckless disregard for the rights of the plaintiff by returning the Hotrod Fork back to Eric C. Pearce in a defective and unreasonably dangerous condition; and,

r. Advanced made material misrepresentations concerning the Hotrod Fork's structural integrity, quality, and reliability upon which the Plaintiff relied to his detriment thereby luring the plaintiff into a false sense of security as to the use of the Hotrod Fork.

35. As a direct and proximate result of the negligence and carelessness of Advanced as aforesaid, the Plaintiff, Eric C. Pearce, has incurred substantial expenses for doctors, hospital visits, medical care, physical therapy, x-rays and CT Scans, prescriptions and will be forced to incur further such medical expenses as a result of the injuries sustained by the plaintiff, all to his detriment.

36. As a further direct and proximate result of the negligence and carelessness of Advanced as aforesaid, the plaintiff, Eric C. Pearce, was forced to miss time from his employment, to his detriment, and has experienced a loss to his earning capacity.

37. As a further direct and proximate result of the negligence and carelessness of Advanced as aforesaid, the plaintiff, Eric C. Pearce, was severely injured, suffered and will in the future suffer great pain of body, nerves and nervous system, was rendered permanently disabled, was rendered permanently disfigured, suffered a loss of wages and loss of earning capacity, sustained property damages, has become and will in the future become liable to pay large sums of money for medical, hospital and rehabilitative attention, and was otherwise permanently injured.

38.  As a result of the Aegis Defendants' purchase of all or substantially all of the assets of Advanced, the plaintiff is left without a remedy against Advanced.

39.  The Aegis Defendants', as the successor corporation to Advanced, are liable to the Plaintiff for the injuries and damages caused by Advanced's negligence as previously set forth herein.

## COUNT II

### (Breach of Express Warranty)

40.  The plaintiff, Eric C. Pearce, hereby incorporates by reference each and every allegation set forth in paragraphs 1-39 above as fully as if the same were recited herein at length.

41.  In selling the Hotrod Fork to the plaintiff, Eric C. Pearce, Advanced expressly warranted that it would be free from defects in materials and design.

42.  Subsequent to the initial sale, in inspecting and returning the Hotrod Fork to the plaintiff, Eric C. Pearce, with the representation that the Hotrod Fork was free from all defects, Advanced and Baumm expressly warranted that it was free from all defects in materials and design.

43.  Notwithstanding these express warranties, the Hotrod Fork was not free from defects in materials and design and was unsafe in that the Hotrod Fork unexpectedly and without warning sheared at its crown under ordinary and foreseeable use.

44.  By failing to perform its duties as described above, Baumm and Advanced breached their express warranty.

45.    As a direct and proximate result of the aforesaid breaches of express warranties, the Hotrod Fork failed and the plaintiff was severely injured, suffered and will in the future suffer great pain of body, nerves and nervous system, was rendered permanently disabled, sustained property damages, suffered a loss of wages and loss of earning capacity, has become and will in the future become liable to pay large sums of money for medical, hospital and rehabilitative attention, and was otherwise permanently injured.

46.    As a result of the Aegis Defendants' purchase of all or substantially all of the assets of Advanced, the plaintiff is left without a remedy against Advanced.

47.    The Aegis Defendants', as the successor corporation to Advanced, are liable to the Plaintiff for the injuries and damages caused by Advanced's breach of warranty as previously set forth herein.

## COUNT III

### (Breach of Implied Warranty of Merchantability)

48.    The plaintiff, Eric C. Pearce, hereby incorporates by reference each and every allegation of paragraphs 40-47 above as fully as if the same were recited herein at length.

49.    In selling the Hotrod Fork to the plaintiff, Eric C. Pearce, Advanced impliedly warranted that the Hotrod fork was merchantable, fit for the ordinary purposes of such a product and safe for use in an ordinary or foreseeable manner.

50.    Subsequent to the initial sale, in inspecting and returning the Hotrod Fork to the plaintiff, Advanced impliedly warranted that the Hotrod fork was merchantable,

fit for the ordinary purposes of such a product and safe for use in an ordinary or foreseeable manner.

51.    Notwithstanding these warranties, the Hotrod Fork was not merchantable, was unfit for the ordinary purpose of such a bicycle fork and the foreseeable consequences of the use of the Hotrod Fork and was unsafe in that the Hotrod Fork unexpectedly and without warning sheared at its crown under ordinary and foreseeable use.

52.    By failing to perform its duties as described above, Advanced breached its implied warranties of merchantability.

53.    As a direct and proximate result of the aforesaid breaches of the warranty of merchantability, the Hotrod Fork failed and the plaintiff was severely injured, suffered and will in the future suffer great pain of body, nerves and nervous system, was rendered permanently disabled, sustained property damages, suffered a loss of wages and loss of earning capacity, has become and will in the future become liable to pay large sums of money for medical, hospital and rehabilitative attention, and was otherwise permanently injured.

54.    As a result of the Aegis Defendants' purchase of all or substantially all of the assets of Advanced, the plaintiff is left without a remedy against Advanced.

55.    The Aegis Defendants', as the successor corporation to Advanced, are liable to the Plaintiff for the injuries and damages caused by Advanced's breach of warranty as previously set forth herein.

## COUNT IV

### (Breach of Implied Warranty of Fitness for a Particular Use)

56. The plaintiff, Eric C. Pearce, hereby incorporates by reference each and every allegation set forth in paragraphs 48-55 above as fully as if the same were recited herein at length.

57. In selling the Hotrod Fork to the plaintiff, Eric Pearce, Advanced impliedly warranted that it would be fit for the particular use as a bicycle fork.

58. Subsequent to the initial sale, in inspecting and returning the Hotrod Fork to the plaintiff, Eric C. Pearce, with the representation that the Hotrod fork was fit for the particular purpose for which it was intended, Advanced and Baumm breached their implied warranty of fitness for a particular purpose.

59. Advanced and Baumm were aware of the specific purpose that the Plaintiff intended for the Hotrod Fork.

60. Notwithstanding these warranties, the Hotrod Fork was not fit for the specific purpose for which it was intended and the foreseeable consequences of Advanced and Baumm's breach rendered the Hotrod Fork unsafe in that it suddenly, unexpectedly and without warning sheared at its crown under reasonably foreseeable use.

61. By failing to perform its duties as described above, Advanced and Baumm breached its implied warranty of fitness for a particular use in riding a bicycle.

62. As a direct and proximate result of the aforesaid breaches of warranty of fitness for a particular use, the Hotrod Fork failed and the plaintiff was severely injured, suffered and will in the future suffer great pain of body, nerves and nervous system, was rendered permanently disabled, sustained property damages, suffered a loss of wages and loss of earning capacity, has become and will in the future

become liable to pay large sums of money for medical, hospital and rehabilitative attention, and was otherwise permanently injured.

63. As a result of the Aegis Defendants' purchase of all or substantially all of the assets of Advanced, the plaintiff is left without a remedy against Advanced.

64. The Aegis Defendants', as the successor corporation to Advanced, are liable to the Plaintiff for the injuries and damages caused by Advanced's breach of warranty as previously set forth herein.

## COUNT V

### (Negligence)

65. The plaintiff, Eric C. Pearce, hereby incorporates by reference each and every allegation set forth in paragraphs 1-32 above as fully as if the same were recited herein at length.

66. The aforesaid collision and resulting personal injuries suffered by the plaintiff, Eric C. Pearce, were proximately caused by the negligence, carelessness, gross negligence, willful and wanton misconduct, and or the otherwise culpable conduct of Wyman-Gordon or Pine Tree Castings, their agents, servants, and/or employees, and workers, including, but not limited to the following:

    a. The design of the crown was defective and unreasonably dangerous to consumers in that it was not of sufficient strength to withstand the forces reasonably anticipated in bicycling;

    b. The design of the crown was defective and unreasonably dangerous in that the aluminum used in its fabrication was of insufficient strength to withstand the forces reasonably anticipated in bicycling;

    c. The design of the crown was defective and unreasonably dangerous in that it could not be used as anticipated without a sudden and catastrophic failure;

    d. Wyman-Gordon and/or Pine Tree Castings failed to exercise reasonable care and diligence in the design of the crown so to prevent

the weakened condition and the ultimate shearing of the fork's crown during reasonably foreseeable bicycling;

e.  The manufacture of the crown was defective and unreasonably dangerous to consumers in that it was not of sufficient strength to withstand the forces reasonably anticipated in bicycling;

f.  The manufacture of the crown was defective and unreasonably dangerous in that its thickness was insufficient to withstand the forces reasonably encountered in bicycling;

g.  The manufacture of the crown was defective and unreasonably dangerous in that the aluminum used in its fabrication was of insufficient strength to withstand the forces reasonably anticipated in bicycling;

h.  Wyman-Gordon and/or Pine Tree Castings failed to exercise reasonable care and diligence in the manufacture of the crown so to prevent the weakened condition and the ultimate shearing of the fork's crown during reasonable foreseeable bicycling;

i.  Wyman-Gordon and/or Pine Tree Castings distributed and/or sold the crown in a defective condition, unreasonably dangerous to consumers;

j.  Wyman-Gordon and/or Pine Tree Castings failed to test the crown so as to determine whether it was of sufficient strength to withstand forces reasonably encountered in bicycling;

67.  As a direct and proximate result of the negligence, carelessness of Wyman-Gordon and/or Pine Tree Castings as aforesaid, the Plaintiff, Eric C. Pearce, has incurred substantial expenses for doctors, hospital visits, medical care, physical therapy, x-rays and CT Scans, prescriptions and will be forced to incur further such medical expenses as a result of the injuries sustained by the plaintiff, all to his detriment.

68.  As a further direct and proximate result of the negligence and carelessness of Wyman-Gordon and/or Pine Tree Castings as aforesaid, the plaintiff, Eric C. Pearce, was forced to miss time from his employment, to his detriment, and has experienced a loss to his earning capacity.

69.  As a further direct and proximate result of the negligence and carelessness of Wyman-Gordon and/or Pine Tree Castings as aforesaid, the plaintiff, Eric C.

Pearce, was severely injured, suffered and will in the future suffer great pain of body, nerves and nervous system, was rendered permanently disabled, was rendered permanently disfigured, suffered a loss of wages and loss of earning capacity, sustained property damages, has become and will in the future become liable to pay large sums of money for medical, hospital and rehabilitative attention, and was otherwise permanently injured.

## COUNT VI

### (Breach of Express Warranty)

70. The plaintiff, Eric C. Pearce, hereby incorporates by reference each and every allegation set forth in paragraphs 65-69 above as fully as if the same were recited herein at length.

71. In selling and/or distributing the crown, Wyman-Gordon and/or Pine Tree Castings expressly warranted that it would be free from defects in materials and design.

72. Notwithstanding these express warranties, the crown was not free from defects in materials and design and was unsafe in that the Hotrod Fork unexpectedly and without warning sheared at its crown under ordinary and foreseeable use.

73. By failing to perform its duties as described above, Wyman-Gordon and/or Pine Tree Castings breached their express warranty.

74. As a direct and proximate result of the aforesaid breach of the express warranty, the Hotrod Fork failed and the plaintiff was severely injured, suffered and will in the future suffer great pain of body, nerves and nervous system, was rendered

permanently disabled, sustained property damages, suffered a loss of wages and loss of earning capacity, has become and will in the future become liable to pay large sums of money for medical, hospital and rehabilitative attention, and was otherwise permanently injured.

## COUNT VII

### (Breach of Implied Warranty of Merchantability)

75.    The plaintiff, Eric C. Pearce, hereby incorporates by reference each and every allegation set forth in paragraphs 70-74 above as fully as if the same were recited herein at length.

76.    In selling and/or distributing the crown, Wyman-Gordon and/or Pine Tree Castings impliedly warranted that the crown was merchantable, fit for the ordinary purposes of such a product and safe for use in an ordinary or foreseeable manner.

77.    Notwithstanding these warranties, the crown was not merchantable, was unfit for the ordinary purpose of such a bicycle crown and the foreseeable consequences of the use of the crown, and was unsafe in that the Hotrod Fork unexpectedly and without warning sheared at its crown under ordinary and foreseeable use.

78.    By failing to perform its duties as described above, Wyman Gordon and/or Pine Tree Castings breached its implied warranty of merchantability.

79.    As a direct and proximate result of the aforesaid breach of the warranty of merchantability, the Hotrod Fork failed and the plaintiff was severely injured, suffered and will in the future suffer great pain of body, nerves and nervous system, was rendered permanently disabled, sustained property damages, suffered

a loss of wages and loss of earning capacity, has become and will in the future become liable to pay large sums of money for medical, hospital and rehabilitative attention, and was otherwise permanently injured.

## COUNT VIII

### (Breach of Implied Warranty of Fitness for a Particular Use)

80. The plaintiff, Eric C. Pearce, hereby incorporates by reference each and every allegation set forth in paragraphs 75-79 above as fully as if the same were recited herein at length.

81. In selling and/or distributing the crown, Wyman-Gordon and/or Pine Tree Castings impliedly warranted that it would be fit for the particular use as a bicycle crown.

82. Wyman-Gordon and/or Pine Tree Castings was aware of the specific purpose that Advanced and the plaintiff intended for the crown.

83. Notwithstanding these warranties, the crown was not fit for the specific purpose for which it was intended and the foreseeable consequences of Wyman-Gordon's and/or Pine Tree Castings' breach rendered the Hotrod Fork unsafe in that it suddenly, unexpectedly and without warning sheared at its crown under reasonably foreseeable use.

84. By failing to perform its duties as described above, Wyman-Gordon and/or Pine Tree Castings breached its implied warranty of fitness for a particular use in riding a bicycle.

85. As a direct and proximate result of the aforesaid breaches of warranty of fitness for a particular use, the Hotrod Fork failed and the plaintiff was severely injured,

suffered and will in the future suffer great pain of body, nerves and nervous system, was rendered permanently disabled, sustained property damages, suffered a loss of wages and loss of earning capacity, has become and will in the future become liable to pay large sums of money for medical, hospital and rehabilitative attention, and was otherwise permanently injured.

**WHEREFORE,** the plaintiff demands judgment in his favor against the defendants Keith Baumm, Advanced Composite Engineering d/b/a Aegis Bicycles, Aegis Handmade Carbon Fiber Bicycles, LLC dba Aegis Bicycles, Aegis Racing Bikes USA, LLC dba Aegis Bicycles, FastBikes USA, LLC dba Aegis Bicycles, Wyman-Gordon Investment Casting and Sturm, Ruger & Co., Inc. for compensatory damages, in an amount in excess of $5,000,000.00, along with prejudgment interest, costs of this action, and such other further relief as the court may deem appropriate under the circumstances.

## JURY DEMAND

**THE PLAINTIFFS CLAIM A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

Respectfully submitted:
THE PLAINTIFF,
Eric C. Pearce,
By his attorneys,
Ouellette, Deganis & Gallagher, LLC

Sergio C. Deganis
BBO#: 118130
143 Main Street, Cheshire, CT 06410
(203) 272-1157
Sdeganis@ODGLAW.com

## CERTIFICATION

I hereby certify that this document was filed via the CMECF filing system and notice was sent via electronic means thereby to the following counsel of record on April 4, 2007.

James Poliquin
Norman, Hanson & DeTroy, LLC
415 Congress Street
P.O. Box 4600
Portland, ME 04112-4600

By: _____

Sergio C. Deganis
BBO#: 118130
143 Main Street, Cheshire, CT 06410
(203) 272-1157
Sdeganis@ODGLAW.com