UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIC C. PEARCE,<br><br>    **Plaintiff,**<br><br>v.<br><br>KEITH BAUMM, and ADVANCED COMPOSITE ENGINEERING D/B/A AEGIS BICYCLES, and AEGIS HANDMADE CARBON FIBER BICYCLES D/B/A AEGIS BICYCLES, and AEGIS RACING BIKES USA, LLC, D/B/A AEGIS BICYCLES, and FASTBIKES USA, LLC, D/B/A AEGIS BICYCLES, and WYMAN-GORDON INVESTMENT CASTINGS, INC., and STURM, RUGER & CO, INC.<br><br>    **Defendants.** | CIVIL ACTION NO.<br>1:05-cv-11694 RCL |

## STURM, RUGER & CO., INC'S
## ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND

Sturm, Ruger & Co., Inc. (hereinafter "Sturm, Ruger") responds to the plaintiff's complaint as follows:

### PARTIES

1-15. Sturm, Ruger lacks sufficient knowledge and information to admit or deny the allegations in paragraphs 1-15.

16. Admitted.

17. Sturm, Ruger admits that the principal place of business of Pine Tree Castings is located at 411 Sunapee Street, Newport, NH. Sturm, Ruger denies the remaining allegations in paragraph 17.

18. Denied.

## JURISDICTION AND VENUE

19. The allegations in paragraph 19 are not allegations of fact, but rather conclusions of law to which no response is required. However, to the extent these allegations may be construed as allegations of fact, Sturm, Ruger admits that it is a Delaware Corporation with its principal place of business in Connecticut. Sturm, Ruger lacks sufficient knowledge and information to admit or deny the allegations regarding the other defendants. Sturm, Ruger admits that plaintiff's complaint purports to seek damages in excess of the jurisdictional limit. However, Sturm, Ruger denies any implication that it is in any way responsible for such damages and further denies that plaintiff's claimed damages bear any relationship to his actual damages, which do not meet the jurisdictional limit.

20. The allegations in paragraph 20 are not allegations of fact, but rather conclusions of law to which no response is required. However, to the extent these allegations may be construed as allegations of fact, Sturm, Ruger admits that it has sufficient contacts with the Commonwealth of Massachusetts to be subject to the general personal jurisdiction of the Court. Sturm, Ruger lacks sufficient knowledge to admit or deny the allegations regarding other defendants and allegations regarding the location of the events giving rise to the claims in plaintiff's Amended Complaint.

21-22. Sturm, Ruger lacks sufficient knowledge and information to admit or deny the allegations in paragraphs 21-22.

23. Sturm, Ruger denies that any crowns used in Hotrod forks were manufactured by Pine Tree Castings. Sturm, Ruger lacks knowledge and information to admit or deny the allegations regarding defendant Wyman-Gordon.

24. Sturm, Ruger denies that the specific crown that is the subject of this litigation was manufactured by Pine Tree Castings. Sturm, Ruger lacks knowledge and information to admit or deny the allegations regarding defendant Wyman-Gordon.

25-30. Sturm, Ruger lacks sufficient knowledge and information to admit or deny the allegations in paragraphs 25-30.

31-32. Denied.

## COUNT I

33. Sturm, Ruger hereby incorporates by reference its responses to paragraphs 1-32 as its response to paragraph 33 as though fully set forth herein.

34-39. The allegations in paragraphs 34-39 are not directed to Sturm, Ruger and therefore Sturm, Ruger is not called upon to respond to them. However, to the

extent the allegations in paragraphs 34-39 can be construed as being directed to Sturm, Ruger, they are denied.

## COUNT II

40. Sturm, Ruger hereby incorporates by reference its responses to paragraphs 1-39 as its response to paragraph 40 as though fully set forth herein.

41-47. The allegations in paragraphs 41-47 are not directed to Sturm, Ruger and therefore Sturm, Ruger is not called upon to respond to them. However, to the extent the allegations in paragraphs 41-47 can be construed as being directed to Sturm, Ruger, they are denied.

## COUNT III

48. Sturm, Ruger hereby incorporates by reference its responses to paragraphs 40-47 as its response to paragraph 48 as though fully set forth herein.

49-55. The allegations in paragraphs 49-55 are not directed to Sturm, Ruger and therefore Sturm, Ruger is not called upon to respond to them. However, to the extent the allegations in paragraphs 49-55 can be construed as being directed to Sturm, Ruger, they are denied.

## COUNT IV

56. Sturm, Ruger hereby incorporates by reference its responses to paragraphs 48-55 as its response to paragraph 56 as though fully set forth herein.

57-64. The allegations in paragraphs 57-64 are not directed to Sturm, Ruger and therefore Sturm, Ruger is not called upon to respond to them. However, to the extent the allegations in paragraphs 57-64 can be construed as being directed to Sturm, Ruger, they are denied.

## COUNT V

65. Sturm, Ruger hereby incorporates by reference its responses to paragraphs 1-32 as its response to paragraph 65 as though fully set forth herein.

66. Sturm, Ruger denies each and every allegation in paragraph 66, denying specifically the allegations contained in subparagraphs (a) through (j).

67-69. Denied.

## COUNT VI

70. Sturm, Ruger hereby incorporates by reference its responses to paragraphs 65-69 as its response to paragraph 70 as though fully set forth herein.

71-74. Denied.

## COUNT VII

75. Sturm, Ruger hereby incorporates by reference its responses to paragraphs 70-74 as its response to paragraph 75 as though fully set forth herein.

76-79. Denied.

## COUNT VIII

80. Sturm, Ruger hereby incorporates by reference its responses to paragraphs 75-79 as its response to paragraph 65 as though fully set forth herein.

81-85. Denied.

WHEREFORE, Sturm, Ruger & Co., Inc. denies that it is liable to plaintiff in any amount whatsoever and prays that this Court dismiss plaintiff's Amended Complaint, with prejudice, and assesses plaintiff with the costs and fees of this suit incurred by defendant, together with whatever relief the Court deems equitable and just.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Sturm, Ruger upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery in whole or in part because the plaintiff's alleged injuries and damages were caused by his own negligent conduct or other wrongdoing, which exceeded the combined negligence of the defendants.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff is barred from any recovery against Sturm, Ruger because the plaintiff's alleged injuries and damages were caused by the acts or omissions of third persons over whom Sturm, Ruger exercised no control and for whose conduct Sturm, Ruger bears no responsibility.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff is barred from any recovery because the plaintiff was aware of the alleged defect and nonetheless voluntarily and unreasonably chose to encounter the known dangers created by the alleged defect, and was injured thereby.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery because he or another party was misusing the subject product at the time of the accident.

### SIXTH SEPARATE DEFENSE

The plaintiff is barred from recovery against Sturm, Ruger because the plaintiff's alleged injuries and damages were caused by the intervening and superseding actions of third persons.

### SEVENTH AFFIRMATIVE DEFENSE

The plaintiff's claim against Sturm, Ruger is barred insofar as it is based on a theory of breach of warranty because the plaintiffs failed to give Sturm, Ruger timely notice of the alleged breach thereby causing Sturm, Ruger undue prejudice.

### EIGHTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery in whole or in part because of his violation of applicable laws and regulations.

## NINTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery in whole or in part because he failed to mitigate his damages.

## TENTH AFFIRMATIVE DEFENSE

The plaintiff is barred from any recovery because he spoliated or otherwise failed to preserve crucial evidence.

## ELEVENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the statute of repose.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's own negligence and/or failure to exercise ordinary care was the sole proximate cause of the alleged accident.

## THIRTEENTH AFFIRMATIVE DEFENSE

The subject crown was manufactured in accordance with specifications provided by the fork's manufacturer and plaintiff may not recover for breach of an implied warranty of fitness for particular purpose.

## JURY DEMAND

Sturm, Ruger demands a jury trial on all issues raised herein.

**Sturm, Ruger & Co., Inc.**
By its attorneys,


*/s/ Christopher A. Callanan*
Richard L. Edwards (BBO# 151520)
Christopher A. Callanan (BBO# 630649)
Campbell Campbell Edwards & Conroy
One Constitution Plaza
Boston, MA  02129
(617) 241-3000

## **CERTIFICATE OF SERVICE**

I certify that a copy of the above document was served to the following counsel of record by first-class mail, postage prepaid and by the ECF system on April 23, 2007.

*Counsel for Eric C. Pearce*
Sergio C. Deganis
Ouellette, Deganis & Gallagher, LLC
143 Main Street
Cheshire, CT 06410

*Counsel for Keith Baumm*
James D. Poliquin
Norman, Hanson & DeTroy
P.O. Box 4600
415 Congress Street
Portland, ME  04112

William J. Dailey, Jr.
Brian H. Sullivan
Sloane & Walsh
3 Center Plaza
Boston, MA  02108

             */s/ Christopher A. Callanan*
             Christopher A. Callanan