UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIC C. PEARCE, ) | |
| ) | |
| Plaintiff ) | |
| ) | CASE NO. |
| v. ) | 1:05-cv-11694 |
| ) | |
| KEITH BAUMM, et al., ) | |
| ) | |
| Defendants ) | |
| ) | |

## ANSWER OF DEFENDANT KEITH BAUMM
## TO PLAINTIFF'S AMENDED COMPLAINT

NOW COMES the Defendant, Keith Baumm, and answers the Plaintiff's Amended Complaint as follows:

1. Defendant Keith Baumm admits the allegations contained in paragraph 1 of Plaintiff's Amended Complaint.

2. Defendant Keith Baumm admits the allegations set forth in paragraph 2 except that the location of the actual manufacturing facilities was Van Buren, Maine.

3. Defendant Keith Baumm admits the allegations set forth in paragraph 3 of Plaintiff's Amended Complaint.

4. Defendant Keith Baumm is without sufficient information or knowledge to either admit or deny the allegations set forth in paragraph 4 of Plaintiff's Amended Complaint.

5. Defendant Keith Baumm is without sufficient information or knowledge to either admit or deny the allegations set forth in paragraph 5 of Plaintiff's Amended Complaint.

6. Defendant Keith Baumm is without sufficient information or knowledge to either admit or deny the allegations set forth in paragraph 6 of Plaintiff's Amended Complaint.

7. Defendant Keith Baumm is without sufficient information or knowledge to either admit or deny the allegations set forth in paragraph 7 of Plaintiff's Amended Complaint.

8. Defendant Keith Baumm is without sufficient information or knowledge to either admit or deny the allegations set forth in paragraph 8 of Plaintiff's Amended Complaint.

9. Defendant Keith Baumm is without sufficient information or knowledge to either admit or deny the allegations set forth in paragraph 9 of Plaintiff's Amended Complaint.

10. Defendant Keith Baumm is without sufficient information or knowledge to either admit or deny the allegations set forth in paragraph 10 of Plaintiff's Amended Complaint.

11. Defendant Keith Baumm is without sufficient information or knowledge to either admit or deny the allegations set forth in paragraph 11 of Plaintiff's Amended Complaint.

12. Defendant Keith Baumm is without sufficient information or knowledge to either admit or deny the allegations set forth in paragraph 12 of Plaintiff's Amended Complaint.

13. Defendant Keith Baumm is without sufficient information or knowledge to either admit or deny the allegations set forth in paragraph 13 of Plaintiff's Amended Complaint.

14. Defendant Keith Baumm is without sufficient information or knowledge to either admit or deny the allegations set forth in paragraph 14 of Plaintiff's Amended Complaint.

15. Defendant Keith Baumm is without sufficient information or knowledge to either admit or deny the allegations set forth in paragraph 15 of Plaintiff's Amended Complaint.

16. Defendant Keith Baumm is without sufficient information or knowledge to either admit or deny the allegations set forth in paragraph 16 of Plaintiff's Amended Complaint.

17. Defendant Keith Baumm is without sufficient information or knowledge to either admit or deny the allegations set forth in paragraph 17 of Plaintiff's Amended Complaint.

18. Defendant Keith Baumm is without sufficient information or knowledge to either admit or deny the allegations set forth in paragraph 18 of Plaintiff's Amended Complaint.

## JURISDICTION AND VENUE

19. Defendant Keith Baumm admits that Plaintiff and Defendant Baumm are citizens of different states but is without sufficient information or knowledge to admit or deny any other allegations in paragraph 19 of Plaintiff's Amended Complaint.

20. Defendant Keith Baumm admits the allegations set forth in paragraph 20 except that Keith Baumm does not have sufficient personal contacts in Massachusetts to subject him to personal jurisdiction.

## FACTUAL ALLEGATIONS

21. Defendant Keith Baumm admits the allegations set forth in paragraph 21 of Plaintiff's Amended Complaint.

22. Defendant Keith Baumm denies that Aegis manufactured every component of the Hotrod Fork and admits the other allegations set forth in paragraph 22 of Plaintiff's Amended Complaint.

23. Defendant Keith Baumm admits the allegations set forth in paragraph 23 of Plaintiff's Amended Complaint.

24. Defendant Keith Baumm admits the allegations set forth in paragraph 24 of Plaintiff's Amended Complaint.

25. Defendant Keith Baumm admits that Aegis received an e-mail from Plaintiff Pearce and states further that the content of the e-mail speaks for itself, and therefore denies any summary or paraphrasing of the e-mail.

26. Defendant Keith Baumm admits the allegations set forth in paragraph 26 of Plaintiff's Amended Complaint.

27. Defendant Keith Baumm denies the allegations set forth in paragraph 27 of Plaintiff's Amended Complaint.

28. Defendant Keith Baumm admits that Aegis, not Keith Baumm, shipped the fork back to the Plaintiff Pearce.

29. Defendant Keith Baumm is without sufficient information or knowledge to either admit or deny the allegations set forth in paragraph 29 of Plaintiff's Amended Complaint.

30. Defendant Keith Baumm is without sufficient information or knowledge to either admit or deny the allegations set forth in paragraph 30 of Plaintiff's Amended Complaint.

31. Defendant Keith Baumm denies the allegations set forth in paragraph 31 of Plaintiff's Amended Complaint.

32. Defendant Keith Baumm denies the allegations set forth in paragraph 32 of Plaintiff's Amended Complaint.

## COUNT I

### (Negligence)

33. Defendant Keith Baumm repeats and realleges paragraphs 1 through 32 as if fully set forth herein.

34. Defendant Keith Baumm denies the allegations set forth in paragraph 34 of Plaintiff's Amended Complaint.

35. Defendant Keith Baumm denies the allegations set forth in paragraph 35 of Plaintiff's Amended Complaint.

36. Defendant Keith Baumm denies the allegations set forth in paragraph 36 of Plaintiff's Amended Complaint.

37. Defendant Keith Baumm denies the allegations set forth in paragraph 37 of Plaintiff's Amended Complaint.

38. Defendant Keith Baumm admits that Defendant Advanced Composite Engineering has no assets for which to satisfy any judgment Plaintiff may obtain against Advanced.

39. Defendant Keith Baumm denies any allegation regarding Advanced's negligence and is without sufficient information or knowledge regarding the legal liability, if any, of Aegis Defendants.

WHEREFORE, Defendant Keith Baumm respectfully requests that Count I of Plaintiff's Amended Complaint be dismissed and that he be awarded his costs and such other relief as the Court may deem appropriate.

## COUNT II

### (Breach of Express Warranty)

40. Defendant Keith Baumm repeats and realleges paragraphs 1 through 39 as if fully set forth herein.

41. Defendant Keith Baumm admits the allegations set forth in paragraph 41 of Plaintiff's Amended Complaint.

42. Defendant Keith Baumm denies the allegations set forth in paragraph 42 of Plaintiff's Amended Complaint.

43.     Defendant Keith Baumm denies the allegations set forth in paragraph 43 of Plaintiff's Amended Complaint.

44.     Defendant Keith Baumm denies the allegations set forth in paragraph 44 of Plaintiff's Amended Complaint.

45.     Defendant Keith Baumm denies the allegations set forth in paragraph 45 of Plaintiff's Amended Complaint.

46.     Defendant Keith Baumm admits that Defendant Advanced Composite Engineering has no assets for which to satisfy any judgment Plaintiff may obtain against Advanced.

47.     Defendant Keith Baumm denies any allegation regarding Advanced's breach of warranty and is without sufficient information or knowledge to admit or deny any allegation regarding Aegis Defendants.

WHEREFORE, Defendant Keith Baumm respectfully requests that Count II of Plaintiff's Amended Complaint be dismissed and that he be awarded his costs and such other relief as the Court may deem appropriate.

## COUNT III

### (Breach of Implied Warranty of Merchantability)

48.     Defendant Keith Baumm repeats and realleges paragraphs 1 through 47 as if fully set forth herein.

49.     Defendant Keith Baumm admits the allegations set forth in paragraph 49 of Plaintiff's Amended Complaint.

50. Defendant Keith Baumm denies the allegations set forth in paragraph 50 of Plaintiff's Amended Complaint.

51. Defendant Keith Baumm denies the allegations set forth in paragraph 51 of Plaintiff's Amended Complaint.

52. Defendant Keith Baumm denies the allegations set forth in paragraph 52 of Plaintiff's Amended Complaint.

53. Defendant Keith Baumm denies the allegations set forth in paragraph 53 of Plaintiff's Amended Complaint.

54. Defendant Keith Baumm admits that Defendant Advanced Composite Engineering has no assets for which to satisfy any judgment Plaintiff may obtain against Advanced.

55. Defendant Keith Baumm denies any allegation regarding Advanced's breach of warranty and is without sufficient information or knowledge to admit or deny any allegation regarding Aegis Defendants.

WHEREFORE, Defendant Keith Baumm respectfully requests that Count III of Plaintiff's Amended Complaint be dismissed and that he be awarded his costs and such other relief as the Court may deem appropriate.

## COUNT IV

### (Breach of Implied Warranty of Fitness for a Particular Use)

56. Defendant Keith Baumm repeats and realleges paragraphs 1 through 55 as if fully set forth herein.

57. Defendant Keith Baumm denies the allegations set forth in paragraph 57 of Plaintiff's Amended Complaint.

58. Defendant Keith Baumm denies the allegations set forth in paragraph 58 of Plaintiff's Amended Complaint.

59. Defendant Keith Baumm denies the allegations set forth in paragraph 59 of Plaintiff's Amended Complaint.

60. Defendant Keith Baumm denies the allegations set forth in paragraph 60 of Plaintiff's Amended Complaint.

61. Defendant Keith Baumm denies the allegations set forth in paragraph 61 of Plaintiff's Amended Complaint.

62. Defendant Keith Baumm denies the allegations set forth in paragraph 62 of Plaintiff's Amended Complaint.

63. Defendant Keith Baumm admits that Defendant Advanced Composite Engineering has no assets for which to satisfy any judgment Plaintiff may obtain against Advanced.

64. Defendant Keith Baumm denies any allegation regarding Advanced's breach of warranty and is without sufficient information or knowledge to admit or deny any allegation regarding Aegis Defendants.

WHEREFORE, Defendant Keith Baumm respectfully requests that Count IV of Plaintiff's Amended Complaint be dismissed and that he be awarded his costs and such other relief as the Court may deem appropriate.

## COUNTS V - VIII

65. - 85. The allegations in Counts V through VIII pertain only to Defendants other than Keith Baumm and therefore no response by Keith Baumm is required. To the extent a response is required, the Defendant Keith Baumm denies such allegations.

## DEFENSES

1. The Court has no personal jurisdiction over Keith Baumm individually.

2. The Plaintiff's claims are barred by his own comparative fault and/or assumption of the risk.

3. The Amended Complaint fails to state a claim against Keith Baumm individually because he did not sell, warrant or inspect the fork in question.

4. The claims are barred by the statute of limitations.


Date: _____        /s/ Brian H. Sullivan, Esq.
                                      Brian H. Sullivan, Esq.
                                      BBO No. 629236
                                      Sloane & Walsh, LLP
                                      3 Center Plaza
                                      Boston, MA  02108
                                      (617) 523-6010
                                      E-Mail: bsullivan@sloanewalsh.com

Date: _____        /s/ James D. Poliquin, Esq.
                                      James D. Poliquin, Esq.
                                      Maine BBO No. 2474
                                      Norman, Hanson & DeTroy, LLC
                                      415 Congress Street
                                      P.O. Box 4600
                                      Portland, ME  04112-4600
                                      (207) 774-7000
                                      E-Mail: jpoliquin@nhdlaw.com

                                      Attorneys for Defendant Keith Baumm

## CERTIFICATE OF SERVICE

I, Brian H. Sullivan, hereby certify that on this day that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.


Date: _____          */s/ Brian H. Sullivan, Esq.*_____
                                       Brian H. Sullivan, Esq.


                                       */s/ James D. Poliquin, Esq.*_____
                                       James D. Poliquin, Esq.