THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
1:05-cv-11694

ERIC C. PEARCE,            )
                           )
    Plaintiff,             )
                           )
vs.                        )
                           )
KEITH BAUMM, ET AL.,       )
                           )
    Defendants.            )

## ANSWER OF DEFENDANT
## WYMAN-GORDON INVESTMENT CASTINGS, INC.

For answer to the amended complaint filed herein, defendant Wyman-Gordon Investment Castings, Inc. (Wyman-Gordon), pursuant to Fed.R.Civ.P. 12, admits, denies and alleges as follows:

### FIRST DEFENSE

1. Admitted.

2-13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶¶ 1-13 and calls upon the plaintiff to prove the same insofar as they may be relevant and material.

14. Admitted.

15. Wyman-Gordon admits that it was engaged in the business of manufacturing, distributing and/or selling of investment casting bicycle crowns; the remaining allegations are denied.

16. Admitted.

17. Defendant admits that the principal place of business of Pinetree Castings is located at 411 Sunapee Street, Newport, New Hampshire; but denies the remaining allegations of ¶ 17.

9299.1/412666.1

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 18 and calls upon the plaintiff to prove the same insofar as they may be relevant and material.

## JURISDICTION AND VENUE

19. The allegations of ¶ 19 set forth conclusions of law as to which no response is required.

20. The allegations of ¶ 20 set forth conclusions of law as to which no response is required.

## FACTUAL ALLEGATIONS

21-22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 21-22 and calls upon the plaintiff to prove the same insofar as they may be relevant and material.

23. Defendant admits that Advanced outsourced the manufacturing of some crowns used in the Hot Rod forks to Wyman-Gordon and/or Pinetree Castings.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 24 and calls upon the plaintiff to prove the same.

25-30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶¶ 25-30 and calls upon the plaintiff to prove the same insofar as they may be relevant and material.

31-32. Denied.

## **COUNT I - COUNT IV**

33-64. The allegations of ¶¶ 33-64 are directed at a defendant or defendants other than Wyman-Gordon and therefore no response is required.

## **COUNT V- NEGLIGENCE**

65. Defendant repeats and incorporates by reference herein its admissions, denials and allegations set forth in ¶¶ 1-32 as if separately set forth herein.

66-69. Denied.

### COUNT VI - BREACH OF EXPRESS WARRANTY

70. Defendant repeats and incorporates by reference herein its admissions, denials and allegations set forth in ¶¶ 65-69 as if separately set forth herein.

71. TBS.

72-74. Denied.

### COUNT VII - BREACH IMPLIED WARRANTY OF MERCHANTABILITY

75. Defendant repeats and incorporates by reference herein its admissions, denials and allegations set forth in ¶¶ 70-74 as if separately set forth herein.

76. The allegations set forth in ¶ 76 constitute a conclusion of law as to which no response is required.

77-79. Denied.

### COUNT VIII - BREACH IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

80. Defendant repeats and incorporates by reference herein its admissions, denials and allegations set forth in ¶¶ 75-79 as if separately set forth herein.

81. The allegations contained in ¶ 81 are conclusions of law as to which no response is required.

82. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in 24 and calls upon the plaintiff to prove the same.

83-85. Denied.

### SECOND DEFENSE

If the plaintiff received the injuries and suffered the damages alleged in the amended complaint, these were proximately caused by the plaintiff's own negligence, which negligence was greater than the negligence, if any, of the defendants and therefore recovery is barred pursuant to G.L.c. 231, § 85.

9299.1/412666.1

THIRD DEFENSE

The injuries and damages alleged in the amended complaint were caused by a person or persons for whose conduct this defendant was not legally responsible and over whose conduct it had no control.

FOURTH DEFENSE

The plaintiff and/or a third-party unreasonably proceeded to use a product which he knew or should have known to be in a defective and dangerous condition and therefore he is barred from recovery.

FIFTH DEFENSE

Plaintiff failed to give this defendant timely notice of any breach of warranty and defendant has been prejudiced thereby.

DEFENDANT RESERVES THE RIGHT TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES UPON THE COMPLETION OF DISCOVERY.

WHEREFORE, defendant demands judgment:

1. Dismissing the amended complaint herein upon its merits;

2. For its costs and attorney's fees in defense of this action; and

3. For such other and further relief as the court deems proper and just.

DEFENDANT DEMANDS TRIAL BY JURY ON ALL ISSUES.

WYMAN-GORDON INVESTMENT
CASTINGS, INC.
By its attorneys,

/s/ Terrance J. Hamilton

_____
Terrance J. Hamilton
CASNER & EDWARDS, LLP
303 Congress Street
Boston, MA 02210
(617) 426-5900
B.B.O. No. 218980

DATED:  July 25, 2007

9299.1/412666.1