THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ERIC C. PEARCE | : | CIVIL ACTION NO.: |
|  | : | 1:05-cv-11694 |
| Plaintiff, | : |  |
|  | : |  |
| v. | : | JURY TRIAL DEMANDED |
|  | : |  |
| KEITH BAUMM, | : |  |
| ADVANCED COMPOSITE | : |  |
| ENGINEERING D/B/A | : |  |
| AEGIS BICYCLES, | : |  |
| AEGIS HANDMADE CARBON | : |  |
| FIBER BICYCLES, LLC dba | : |  |
| AEGIS BICYCLES, | : |  |
| AEGIS RACING BIKES USA, LLC | : |  |
| dba AEGIS BICYCLES, | : |  |
| FASTBIKES USA, LLC dba | : |  |
| AEGIS BICYCLES, | : |  |
| WYMAN-GORDON INVESTMENT | : |  |
| CASTINGS, INC., AND | : |  |
| STURM, RUGER & CO., INC | : |  |
| Defendants, | : | JULY 26, 2007 |

### ERIC C. PEARCE'S MOTION TO CONSOLIDATE CASES

Pursuant to Federal Rules of Civil Procedure 42 (a), the undersigned plaintiff, Eric C. Pearce, hereby moves the Court to issue an order consolidating this matter with the case of Eric C. Pearce v. Uni-Cast, Inc., C.A. No. 1:07-cv-10963-RCL. In support of this motion, the undersigned represents that the above captioned matter and Pearce v. Uni-Cast, Inc., both arise out of the same facts and circumstances and the consolidation of these matters best serves the interests of judicial economy as well as the interests of all parties involved.

1

WHEREFORE, as the consolidation of these matters serves the interests of judicial economy and will prevent the rendering of inconsistent verdicts, the undersigned prays that the Court grant this Motion to Consolidate. A Memorandum of Law is attached hereto in support of this motion.

        Respectfully submitted:
        THE PLAINTIFF,
        Eric C. Pearce,
        By his attorneys,
        Ouellette, Deganis & Gallagher, LLC

        /s/ Sergio C. Deganis
        Sergio C. Deganis
        BBO#: 118130
        143 Main Street, Cheshire, CT 06410
        (203) 272-1157
        Sdeganis@ODGLAW.com

## **CERTIFICATION**

      I hereby certify that a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing on July 26, 2007. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. I further certify that I have discussed the filing of this motion with counsel for all named defendants, and all defendants consent to the granting of this motion.

By: _____
Sergio C. Deganis
BBO#: 118130
143 Main Street, Cheshire, CT 06410
(203) 272-1157
Sdeganis@ODGLAW.com

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ERIC C. PEARCE | : | CIVIL ACTION NO.: |
| | : | 1:05-cv-11694 |
| Plaintiff, | : | |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| KEITH BAUMM, | : | |
| ADVANCED COMPOSITE | : | |
| ENGINEERING D/B/A | : | |
| AEGIS BICYCLES, | : | |
| AEGIS HANDMADE CARBON | : | |
| FIBER BICYCLES, LLC dba | : | |
| AEGIS BICYCLES, | : | |
| AEGIS RACING BIKES USA, LLC | : | |
| dba AEGIS BICYCLES, | : | |
| FASTBIKES USA, LLC dba | : | |
| AEGIS BICYCLES, | : | |
| WYMAN-GORDON INVESTMENT | : | |
| CASTINGS, INC., AND | : | |
| STURM, RUGER & CO., INC | : | |
| Defendants, | : | JULY 26, 2007 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONSOLIDATE CASES

**FACTUAL AND PROCEDURAL BACKGROUND:**

On or about March 12, 2001, the plaintiff, Eric C. Pearce, purchased a carbon fiber bicycle fork, the Hotrod Fork, from the defendant, Advanced Composite Engineering, d/b/a Aeigis Bicycles. On or about June 29, 2004, the plaintiff, Eric C. Pearce was riding a bicycle equipped with the Hotrod Fork when suddenly and without warning, the Hotrod Fork sheared at its crown. The Hotrod Fork was manufactured by the defendant, Advanced, and has an express lifetime warranty to be free from defects in materials and workmanship. On or about August 15, 2006, the plaintiff filed a complaint

4

in the Massachusetts Federal Court against Advanced and its principal, Keith Baumm. Following the filing of this complaint, through information provided by Baumm, it was discovered that Aegis Handmade Carbon Fiber Bicycles, LLC dba Aegis Bicycles (hereinafter "Handmade") and/or Aegis Racing Bikes USA, LLC dba Aegis Bicycles (hereinafter "Racing") and/or FastBikes USA, LLC dba Aegis Bicycles (hereinafter "FastBikes") were the successor corporations of Advanced. Thereafter, at the Deposition of Keith Baumm, it was further discovered that Advanced outsourced the manufacturing of crowns used in the Hotrod Forks to Wyman-Gordon and/or Pine Tree Castings. Upon information and belief, Wyman-Gordon or Pine Tree Castings manufactured the specific crown for the Hotrod Fork that is the subject of this litigation. As a result of these discoveries, the undersigned plaintiff served proposed amended complaints upon all entities who are currently parties to this action on or about April 17, 2007.

Following communications with counsel from Sturm, Ruger & Co., Inc., it was discovered that at or about the time of the initial purchase of the subject Hotrod fork, the Pine Tree Castings division of Sturm, Ruger & Co., Inc. was sold to Uni-Cast, Inc.. Accordingly, the undersigned plaintiff filed the companion action *Pearce v. Uni-Cast, Inc.*, C.A. No. 1:07-cv-10963-RCL.

As can be deduced from the preceding history, both actions arise out of an incident which occurred on June 29, 2004 involving an Aegis Hotrod carbon fiber bicycle fork, that was alleged to have been manufactured, distributed or warranted by the defendants in each of the actions to be consolidated.

**LAW AND ARGUMENT:**

"When considering a motion to consolidate pursuant to Fed.R.Civ.P. 42, [t]he threshold issue is whether the two proceedings involve a common party and common issues of fact or law. . . . Once this determination is made, the trial court has broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate. . . . Ordinarily, a motion for consolidation will be granted unless the party opposing it can show demonstrable prejudice. . . . It is appropriate to consider, when weighing the costs and benefits of consolidation, the convenience or inconvenience to the parties, the judicial economy, the savings in time, effort or expense and any confusion, delay or prejudice that might result from consolidation." (Citations omitted; internal quotation marks omitted.) *Cruickshank v. Clean Seas Co.*, 402 F.Supp.2d 328, 340-41, (D. Mass. 2005).

In the present matter there is a commonality of parties in that the plaintiff is the same in both actions. There is also a commonality of issues of law and fact as both actions arise from the same facts and circumstances and all defendants are alleged to have either manufactured, distributed or warranted the carbon fiber bicycle fork or a component part thereof which failed causing the plaintiff's injuries. Consolidation will benefit the parties and the judiciary as it will eliminate the need for duplicative discovery and motion practice, saving time, effort and expense.

Additionally, there is no risk of confusion, delay or prejudice that will result from the consolidation of these matters. The jury will be better served to learn of all potential tortfeasors in the same action and will not be unduly confused by the addition of one additional manufacturer. There will be no delay or prejudice that will result from the

6

consolidation of these matters as an Amended Complaint was recently filed in *Pearce v. Baumm* on June 12, 2007 and the Complaint in *Pearce v. Uni-Cast, Inc.*, was filed on May 21, 2007.

**CONCLUSION:**

The actions of *Pearce v. Baumm* and *Pearce v. Uni-Cast, Inc.*, involve common parties and stem from the same facts and circumstances. The consolidation of these matters is in the best interest of the parties as well as the judiciary and will not result in confusion, prejudice or delay. Accordingly, the plaintiff's Motion to Consolidate should be granted by the Court.

Respectfully submitted:
THE PLAINTIFF,
Eric C. Pearce,
By his attorneys,
Ouellette, Deganis & Gallagher, LLC

Sergio C. Deganis
BBO#: 118130
143 Main Street, Cheshire, CT 06410
(203) 272-1157
Sdeganis@ODGLAW.com

## CERTIFICATION

      I hereby certify that a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing on July 26, 2007.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

By: _/s/ Sergio C. Deganis_
Sergio C. Deganis
BBO#: 118130
143 Main Street, Cheshire, CT 06410
(203) 272-1157
Sdeganis@ODGLAW.com