UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
DOCKET NO. 1:05-cv-11694

| | |
|---|---|
| ERIC C. PEARCE,<br><br>　　　　Plaintiff<br><br>v.<br><br>KEITH BAUMM, et al.,<br><br>　　　　Defendants. | **DEFENDANTS AEGIS HANDMADE CARBON FIBER BICYCLES, LLC, AEGIS RACING BIKES USA, LLC, AND FASTBIKES USA, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR ENLARGEMENT, AND CROSS-MOTION FOR PROTECTIVE ORDER WITH INCORPORATED MEMORANDUM IN SUPPORT OF MOTION** |

Defendants Aegis Handmade Carbon Fiber Bicycles, LLC ("Aegis Handmade"), Aegis Racing Bikes USA, LLC ("Aegis Racing"), and Fastbikes USA, LLC ("Fastbikes") (collectively, the "Aegis Defendants"), by and through the undersigned counsel, oppose Plaintiff's Motion for Enlargement of time to respond to the Aegis Defendants' Amended Motion to Dismiss until after the completion of certain discovery, and move instead for a protective order pursuant to Fed.R.Civ.P. Rule 26(c) to stay all discovery directed to the Aegis Defendants until after a decision is reached on the Aegis Defendants' Amended Motion to Dismiss.

**I.    Procedural Context**

On July 19, 2007, the Aegis Defendants' moved to dismiss all causes of action asserted against them, on the grounds that Plaintiffs' Complaint failed to state a claim upon which relief could be granted. More specifically, the Aegis Defendants contend that the facts as pled in the Complaint do not state a viable claim for successor corporate liability against the Aegis Defendants. Plaintiff's personal injury claims arise out of a bicycle accident allegedly caused by defective bicycle components allegedly manufactured by Advanced Composite Engineering. Plaintiff alleges that the Aegis Defendants purchased certain assets of Advanced Composite

Engineering at a public foreclosure auction.  **See generally, Plaintiff's Amended Complaint.**

## II.     Pending Discovery

On July 30, 2007, Plaintiff served two sets of discovery requests on each of the Aegis Defendants, for a total of six sets of discovery requests.  Plaintiff served on each Aegis Defendant a "Request for Disclosure and Production", a form of discovery not recognized under the Federal Rules of Civil Procedure but which appear to be interrogatories, and requests for production of documents.  In addition, Plaintiff's counsel has requested the depositions of the Aegis Defendants pursuant to Fed.R.Civ.P. Rule 30(b)(6).

## III.    Plaintiff's Motion for Enlargement

On August 3, 2007, Plaintiff moved for an enlargement of time to respond to the Amended Motion to Dismiss.  It is not clear from the motion whether Plaintiff seeks an additional 30 days or 60 days.

## IV.     Discovery Conference

A discovery conference was held by telephone on August 13, 2007, at 9:45 a.m. Participants were Sergio C. Deganis, Esq. for Plaintiff and Paul R. Johnson, Esq., for the Aegis Defendants.  The conference lasted approximately ten minutes.  The parties were able to agree that the Aegis Defendants would make certain documents in their possession available to Plaintiff for inspection and copying, but were unable to reach agreement on the issue of whether the Aegis Defendants would have to provide written discovery responses or produce representatives for a Rule 30(b)(6) deposition.

## V.      Argument

Plaintiff's Motion for Enlargement of time should be denied.  The whole point of the Amended Motion to Dismiss is that even if every fact pled by Plaintiff is true, Plaintiff still

cannot prevail as against the Aegis Defendants.  Accordingly, there is no need for discovery at this time, which would presumably be directed to finding evidence to support the allegations set forth in the Complaint, because those allegations are deemed to be true for purposes of deciding the Motion.

If this was a motion for summary judgment, the situation would be different, because Fed.R.Civ.P. Rule 56 (f) specifically provides for discovery if needed to respond to a summary judgment motion.  In contrast, there is no such provision in Fed.R.Civ.P. Rule 12(b)(6) for discovery in advance of a motion to dismiss.

Rather than delay the resolution of the Amended Motion to Dismiss, the Court should instead stay all discovery directed to the Aegis Defendants until the Amended Motion to Dismiss is decided.  The Aegis Defendants should not be put to the undue and unnecessary burden and expense of responding to interrogatories and requests for production, and producing corporate representatives for depositions, unless their Amended Motion to Dismiss is denied.

As noted in the memorandum in support of the Aegis Defendants' Amended Motion to Dismiss, the Supreme Court has recently emphasized the importance of a motion to dismiss as a way for a defendant to avoid unnecessary expenditures of time and money to defend cases which the plaintiff cannot win:

> The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) [entitlement to relief] reflects the threshold requirement of Rule 8(a)(2) that the "plain statement" possess enough heft to "show that the pleader is entitled to relief." . . .
>
> \*   \*   \*
>
> We alluded to the practical significance of the Rule 8 entitlement requirement in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005), when we explained that something beyond the mere possibility of loss

>causation must be alleged, lest a plaintiff with "'a largely groundless claim'" be allowed to "'take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value.'" *Id.*, at 347, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (quoting *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741, 95 S. Ct. 1917, 44 L. Ed. 2d 539 (1975)). So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, "'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" 5 *Wright & Miller* § 1216, at 233-234 (quoting *Daves v. Hawaiian Dredging Co.*, 114 F. Supp. 643, 645 (Haw. 1953)).

*Bell Atlantic Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct. 1955, 1966, 167 L.Ed.2d 929, 941-942 (2007). In the present case, because the allegations in Plaintiff's Complaint cannot raise a claim of entitlement to relief, "this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court". Plaintiff should not be allowed to proceed with discovery, wasting everyone's time and money, because his Complaint simply does not state a claim upon which relief may be granted.

Accordingly, Plaintiff's Motion for Enlargement of time to respond to the Amended Motion to Dismiss should be denied, and this Court should enter a protective order staying all discovery as to the Aegis Defendants until a decision is entered on the Amended Motion to Dismiss.

## CERTIFICATION PURSUANT TO LOCAL RULES 7.1 AND 37.1

Counsel for the Aegis Defendants certifies to the Court that he has complied with the requirements of Local Rules 7.1 and 37.1

DATED at Portland, Maine this 13th day of August, 2007.

                                        /s/  Paul R. Johnson
                                        Paul R. Johnson, Esq.
                                        BBO # 546165
                                        Attorney for Aegis Handmade Carbon Fiber
                                        Bicycles, LLC, Aegis Racing Bikes USA,
                                        LLC, And Fastbikes USA, LLC

RICHARDSON, WHITMAN, LARGE & BADGER
465 Congress Street
P. O. Box 9545
Portland, ME  04112-9545
(207) 774-7474
pjohnson@rwlb.com


**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the following registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants, on this 13th day of August, 2007.

Sergio C Deganis
Ouellette, Deganis & Gallagher, LLC
143 Main Street
Cheshire, CT 06410
Email: Sdeganis@ODGWLAW.com

James D. Poliquin
Norman, Hanson & DeTroy
P.O. B ox 4600
415 Congress Street
Portland, ME 04112

Brian H. Sullivan
Sloane & Walsh
3 Center Plaza
Boston, MA 02108
Email: bsullivan@sloanewalsh.com

William J. Dailey, Jr.

Sloane & Walsh, LLP
Three Center Plaza
Boston, MA 02108
Email: wdaileyjr@sloanewalsh.com

Christopher A Callanan
Campbell, Campbell, Edwards & Conroy, PC
One Constitution Plaza
Boston, MA 02129
Email: ccallanan@campbell-trial-lawyers.com

James B. Vogts
Wildman, Harrold, Allen & Dixon LLP
225 West Wacker Drive
Chicago, IL 60606-1229
 Email: vogts@wildman.com

Richard L. Edwards
Campbell, Campbell, Edwards & Conroy, PC
One Constitution Plaza
Boston, MA 02129
 Email: redwards@campbell-trial-lawyers.com

Terrance J. Hamilton
Casner & Edwards, LLP
303 Congress Street
Boston, MA 02210
 Email: tjhamilton@casneredwards.com

/s/  Paul R. Johnson