THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIC C. PEARCE : | CIVIL ACTION NO.: |
| : | 1:05-cv-11694 |
| **Plaintiff,** : | |
| : | |
| v. : | **JURY TRIAL DEMANDED** |
| : | |
| KEITH BAUMM, : | |
| ADVANCED COMPOSITE : | |
| ENGINEERING dba : | |
| AEGIS BICYCLES, : | |
| AEGIS HANDMADE CARBON : | |
| FIBER BICYCLES, LLC dba : | |
| AEGIS BICYCLES, : | |
| AEGIS RACING BIKES USA, LLC : | |
| dba AEGIS BICYCLES, : | |
| FASTBIKES USA, LLC dba : | |
| AEGIS BICYCLES, : | |
| WYMAN-GORDON INVESTMENT : | |
| CASTINGS, INC., : | |
| STURM, RUGER & CO., INC AND : | |
| UNI-CAST, INC. : | |
| **Defendants,** : | December 10, 2007 |

**MEMORANDUM OF LAW IN SUPPORT OF
OBJECTION TO MOTION TO DISMISS**

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

The undersigned plaintiff initially brought the above action against Advanced Composite Engineering and the president of advanced, Keith Baumm sounding in negligence and breach of express and implied warranties relating to the failure of the plaintiff's Aegis Hot Rod bicycle fork which resulted in the plaintiff's injuries. Thereafter, the plaintiff was able to determine two potential suppliers of the cast aluminum crown, the defective component of the fork, Wyman-Gordon Investment Castings, Inc. and Sturm, Ruger & Co., Inc., and proceeded to bring suit against those

4

manufacturers. The plaintiff further obtained knowledge of the acquisition of Aegis from Advanced Composite Engineering by the Aegis Defendants, and brought an action against the Aegis Defendants as a result of their status as a successor corporation to Advanced. Finally, the plaintiff's were able to identify the third possible manufacturer of the defective fork crown, and brought a separate action against Uni-Cast, Inc., which was consolidated with the original action on this date. The Aegis Defendants filed a Motion to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6), stating that the plaintiff has failed to present sufficient allegations to state a cause of action against the Aegis Defendants as a result of their status as a successor corporation to Advanced.

## II.   STANDARD OF REVIEW

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted is evaluated by "taking as true the well-pleaded facts contained in the complaint and drawing all reasonable inferences therefrom in the plaintiff's favor." *Puoung Luc v. Wyndham Mgmt. Corp.*, 496 F.3d 85, 88 (1st Cir.2007) (quoting *Garrett v. Tandy Corp.*, 295 F.3d 94, 97 (1st Cir.2002)). The Supreme Court recently addressed this standard in *Bell Atlantic Corp. v. Twombly* noting that the claims raised must be more than simply conceivable-they must be plausible. --- U.S. ----, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). The First Circuit in response has observed that "even under the liberal pleading standard of Federal Rule of Civil Procedure 8", the Bell Atlantic standard requires that a complaint "allege a plausible entitlement to relief." *Rodriguez-Ortiz v. Margo Caribe, Inc.*, 490 F.3d 92, 95 (1st Cir.2007). "In other words, according to the Supreme Court in *Bell Atlantic*, a Court should not dismiss a complaint

5

if there are 'enough facts to state a claim to relief that is plausible on its face,' 127 S.Ct. at 1974, or if the plaintiff has demonstrated a 'reasonably founded hope that the [discovery] process will reveal relevant evidence' to support his or her claims. Id. at 1967." *In re Holland,* 374 B.R. 409, 438 (D. Mass. 2007).

## III. ARGUMENT

### A. Choice of Law

A federal district court sitting in diversity must interpret and apply state substantive law. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In determining which state's law to apply, the Court is governed by the choice-of-law rules of the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941)

Under Massachusetts law, the law of the jurisdiction with the "most significant relationship" to the transaction governs the dispute. See *Brennan v. Carvel Corp.,* 929 F.2d at 806 (Massachusetts courts apply the "most significant relationship" test in determining choice of law); accord *Bi-Rite Enterprises Inc. v. Bruce Miner Co.,* 757 F.2d 440, 442 (1st Cir.1985). Massachusetts courts apply the substantive law of the state which has the more significant relationship to the transaction in litigation. *Hendricks & Assoc., Inc. v. Daewoo Corp.,* 923 F.2d 209, 213 (1st Cir.1991).

Restatement (Second) Conflict of Laws § 146 (1971) states that in an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied. Massachusetts

6

courts interpreting this section have determined that, "tort claims are governed by the law of the state where the alleged injury occurred, unless another state has a more significant relationship to the cause of action . . . ." (citation omitted) *Bergin v. Dartmouth Pharm., Inc.*, 326 F.Supp.2d 179, 183 (D.Mass.2004).

As stated in *Bergin*, as this is an action seeking recovery for personal injuries and Massachusetts is the location where the injury occurred, Massachusetts law should apply to this case. Furthermore, Massachusetts has the most significant relationship to this cause of action. In addition to the locus of the injury, the plaintiff is a Massachusetts resident (Complaint paragraph 1) and Advanced had numerous communications with the plaintiff regarding the subject fork while the plaintiff was in Massachusetts. (Complaint paragraphs 25-27). Furthermore, Advanced was aware that the fork was being utilized in Massachusetts by virtue of the fact that Advanced returned the fork to the Plaintiff in Massachusetts following its inspection of the fork. (Complaint paragraph 28).[1]

As Massachusetts is the locus of the injury alleged in the complaint and Massachusetts has the most significant relationship to the present cause of action, the Court should apply Massachusetts law in deciding the Aegis Defendant's Motion and this Objection thereto.

---

[1] The Aegis Defendants argue at pages 16-17 of their memorandum that there are no allegations that would provide this Court with personal jurisdiction over them. However, this Court has personal jurisdiction over their predecessor corporation, Advanced, and accordingly, once this Court determines that the complaint states a viable cause of action in successor liability against the Aegis Defendants, the personal jurisdiction of Advanced is transferred to the Aegis Defendants. See, e.g., *Williams v. Bowman Livestock Equip. Co.*, 927 F.2d 1128, 1132 (10th Cir.1991) ("[a] corporation's contacts with a forum may be imputed to its successor if forum law would hold the successor liable for the actions of its predecessor").

### B.    Under Massachusetts Law, Successor Liability is Available Where the Successor Impliedly Assumes the Liabilities of its Predecessor

"Most jurisdictions, including Massachusetts, follow the traditional corporate law principle that the liabilities of a selling predecessor corporation are not imposed upon the successor corporation which purchases its assets, unless ***(1) the successor expressly or impliedly assumes liability of the predecessor***, (2) the transaction is a de facto merger or consolidation, (3) the successor is a mere continuation of the predecessor, or (4) the transaction is a fraudulent effort to avoid liabilities of the predecessor." (Emphasis added; citation omitted) *JSB Industries, Inc. v. Nexus Payroll Services, Inc.* 463 F.Supp.2d 103, 109 (D.Mass. 2006.)

In the present case, the plaintiff has alleged that the Aegis Defendants are liable on a theory of successor liability. (Complaint paragraphs 39, 47, 55 and 64). The plaintiff has evidence that following the purchase of Advanced, the Aegis Defendants have continued to honor warranties issued by Advanced for the Hot Rod fork manufactured by Advanced, the very liability of Advanced the plaintiff is seeking to enforce in the present case. As the honoring of warranties makes the implicit assumption of liabilities not only possible, but also plausible so as to satisfy the even more demanding standard set forth in *Twombly*, the Aegis Defendants' Motion to Dismiss must be denied. Alternatively, should the Court be inclined to grant the Defendants' Motion to Dismiss based on the fact that the plaintiff did not specifically plead the basis for his claim of successor liability, the plaintiff requests leave of this Court to replead to allege the specific basis for his allegations of successor liability.[2]

---

[2] It should be noted that the Plaintiff's Amended Complaint was filed prior to the Supreme Court's decision in *Twombly* was issued and Courts have freely granted leave to amend complaints to conform to the

8

## IV.   CONCLUSION

In the present action, as the injury occurred in Massachusetts and Massachusetts has the most significant relationship to this cause of action, Massachusetts law must be applied in deciding this motion. As Massachusetts recognizes a theory of recovery on the basis of successor liability where the successor corporation impliedly assumes the liabilities of its predecessor, and the Aegis Defendants have honored warranties issued by Advanced for the Aegis Hot Rod fork, the very defective product that has caused the plaintiff's injuries, the plaintiff has set forth sufficient allegations to establish that recovery is not only possible but plausible under the plaintiff's complaint, the Defendants' Motion to Dismiss must be denied and the Plaintiff's Objection thereto sustained.

THE PLAINTIFF
ERIC C. PEARCE

By: /s/ Frank C. Bartlett, Jr.
Frank C. Bartlett, Jr.
Ouellette, Deganis & Gallagher, LLC
143 Main Street
Cheshire, CT 06410
Tele: (203)272-1157
Fax: (203) 250-1835
fbartlett@odglaw.com

---

pleading requirements espoused therein. See e.g. *Orion Power Midwest, L.P. v. American Coal Sales Co.*, 2007 WL 2688688 (W.D.Pa. 2007) (attached.)

9

## CERTIFICATION

I hereby certify that a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing on December 10, 2007. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

Frank C. Bartlett, Jr.
Ouellette, Deganis & Gallagher, LLC
143 Main Street
Cheshire, CT 06410
Tele: (203)272-1157
Fax: (203) 250-1835
fbartlett@odglaw.com

10



Slip Copy                                                                                                    Page 1

Slip Copy, 2007 WL 2688688 (W.D.Pa.)
(Cite as: Slip Copy)

C
Orion Power Midwest, L.P. v. American Coal Sales Co.
W.D.Pa.,2007.
Only the Westlaw citation is currently available.
United States District Court,W.D. Pennsylvania.
ORION POWER MIDWEST, L.P., Plaintiff,
v.
The AMERICAN COAL SALES COMPANY,
Maple Creek Mining, Inc., UMCO Energy, Inc.,
and Robert Eugene Murray, Defendants.
No. 2:05-cv-555.

Sept. 10, 2007.

Angelica R. Shepard, Evan A. Bloch, Kirkpatrick & Lockhart Preston Gates Ellis LLP Pittsburgh, PA, for Plaintiff.
Leonard J. Marsico, Erin N. Fischer, McGuire Woods, Alexander W. Saksen, Buchanan Ingersoll, Pittsburgh, PA, Barry Wm. Levine, Christopher T. Leonardo, Dickstein Shapiro, Washington, DC, for Defendants.

*MEMORANDUM ORDER*
TERRENCE F. McVERRY, United States District Court Judge.
*1 Now pending before the Court are Defendants' JOINT MOTION FOR RECONSIDERATION OF THE COURT'S ORDER OF MARCH 2, 2007 (Document No. 86) and PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (Document No. 90). Plaintiff has filed a brief in opposition to the motion for reconsideration (Document No. 91). In addition, both sides have forwarded letters from counsel to the Court.

*Procedural History*

The procedural history of this case (*"Orion"*) is complex. The gravamen of the issue in dispute is whether Plaintiff can pierce the corporate veil to state a claim against Robert Eugene Murray, individually. There is a companion case, *Shenango, Inc. v. American Coal Sales Co., et al,* Civil Action No. 06-149 (*"Shenango"*).*Shenango* and *Orion* arise from coal-supply contracts that contain substantially different terms and conditions. However, the pleadings in the two cases are very similar and the cases have been consolidated for discovery. The cases were initially assigned to Judge Hardiman, who heard the parties' initial arguments regarding the motion to amend the complaint to pierce the corporate veil in the *Orion* case. Although Judge Hardiman did not issue a written opinion, he rejected defendants' argument that leave to amend the complaint should be denied as futile, and on March 2, 2007 Defendants' motions to dismiss the veil-piercing cause of action in *Orion* was denied. On March 16, 2007, Defendants filed an answer in *Orion.*On April 18, 2007, the *Orion* and *Shenango* cases were reassigned to this member of the Court.

While a parallel motion to dismiss in *Shenango* was pending, the United States Supreme Court issued its opinion in *Bell Atlantic Corp. v. Twombly,* --- U.S. ----, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The parties disagree as to the breadth of the change *Twombly* represents in the fact/notice pleading standard now applicable in federal court. At a minimum, as all nine justices agreed, the oft-quoted standard that a complaint may not be dismissed " unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" has been retired and "is best forgotten." *Id.* at 1968.The Supreme Court explained that a complaint must allege enough "facts " to show that a claim is "plausible" and not merely conceivable.

On August 9, 2007, the Court issued a Memorandum Order granting Defendants' motion to dismiss the veil-piercing claims in *Shenango* . However, the Court provided Shenango with the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                                    Page 2
Slip Copy, 2007 WL 2688688 (W.D.Pa.)
(Cite as: Slip Copy)

opportunity to file an amended complaint and explained: "If a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile."(citation omitted). Subsequently, Shenango provided notice of its intent to stand on the complaint as filed.

Defendants filed the instant Motion for Reconsideration based on the *Twombly* intervening change in controlling law. Because the veil-piercing claims in *Orion* and *Shenango* are very similar, Defendants contend that the substantive analysis set forth in the Court's August 9, 2007 Memorandum Order is equally applicable to the *Orion* amended complaint. Orion does not directly dispute this contention. Instead, Orion contends that by seeking leave to file a Second Amended Complaint, it has " provided Defendants with the only relief they reasonably could obtain through their Joint Motion" and therefore, Defendants' motion for reconsideration has been rendered moot.

*Discussion*

*2 Both parties advance meaningful legal arguments. As an initial matter, the Court agrees with Defendants that the reasoning in its August 9, 2007 Memorandum Order in *Shenango* is applicable to this case and it is hereby incorporated by reference. Defendants' motion is not moot because the First Amended Complaint is still in place. The Court concludes that the veil-piercing counts in Plaintiff's First Amended Complaint do not satisfy the *Twombly* standard. Accordingly, Defendants' JOINT MOTION FOR RECONSIDERATION OF THE COURT'S ORDER OF MARCH 2, 2007 (Document No. 86) is **GRANTED** and Counts IV and V of Orion's First Amended Complaint are dismissed.

However, the Court agrees with Orion that it should be entitled to have an opportunity to **replead** its veil-piercing counts in order to meet the new *Twombly* pleading standard. The Court permitted Shenango to **replead** in response to the *Twombly* standard, and the same relief will be afforded Orion, as required by circuit precedent. Accordingly,

PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (Document No. 90) is **GRANTED**. Orion shall be permitted to amend its complaint, if it can do so consistent with the Rules of Civil Procedure.[FN1] A second amended complaint, or notice of intent to stand on the first amended complaint, shall be filed by Orion on or before September 21, 2007.

> FN1. The Court makes no findings with respect to the matters raised in the September 5, 2007 letter sent to chambers by defense counsel. Nor does the Court decide Orion's contention that the scope of Defendants' anticipated responses to the Second Amended Complaint should be limited.

Orion's counsel requested in a letter to chambers dated August 31, 2007 that the Second Amended Complaint be filed under seal because "some of the supplemental facts averred therein originate from documents the Defendants produced and designated as 'Confidential' pursuant to Judge Hardiman's May 30, 2006 Stipulated Consolidation and Confidentiality Order."Plaintiff's request to file under seal is **GRANTED**, unless Defendants formally consent to the filing of said Second Amended Complaint without such confidentiality protection.

SO ORDERED.

W.D.Pa.,2007.
Orion Power Midwest, L.P. v. American Coal Sales Co.
Slip Copy, 2007 WL 2688688 (W.D.Pa.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.