UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ERIC C. PEARCE, | ) |  |
|  | ) | **CIVIL ACTION** |
|  | ) | **DOCKET NO. CV-1:05-cv-11694** |
| Plaintiff | ) |  |
|  | ) | **REPLY MEMORANDUM IN SUPPORT OF** |
| v. | ) | **AMENDED MOTION TO DISMISS BY** |
|  | ) | **DEFENDANTS AEGIS HANDMADE** |
| KEITH BAUMM, et al., | ) | **CARBON FIBER BICYCLES, LLC, AEGIS** |
|  | ) | **RACING BIKES USA, LLC, AND** |
| Defendants. | ) | **FASTBIKES USA, LLC** |
|  | ) |  |
|  | ) | **(Leave to file granted on January 24, 2008)** |

Defendants Aegis Handmade Carbon Fiber Bicycles, LLC ("Aegis Handmade"), Aegis Racing Bikes USA, LLC ("Aegis Racing"), and Fastbikes USA, LLC ("Fastbikes") (collectively, the "Moving Defendants"), by and through the undersigned counsel, file this reply memorandum in support of their Amended Motion to Dismiss.

In his Opposition to the Motion, Plaintiff asserts that the Motion should be denied, or that he should be given leave to amend, to plead additional facts. Specifically, Plaintiff wants to plead that Moving Defendants have honored some warranty claims with respect to bicycle parts manufactured by Defendant Advanced Composite Engineering. Plaintiff contends that because Moving Defendants honored these warranty claims, the Moving Defendants assumed all liabilities of Advanced Composite Engineering arising out of any product that Advanced Composite Engineering ever manufactured and sold, including the bicycle fork which Advanced Composite Engineering sold to Plaintiff, which is the subject of this litigation.

Assuming for the purposes of this Motion only that the Moving Defendants did in fact honor some warranty claims on bicycle parts, the Court should still grant the Motion to Dismiss.

Even if this allegation is true, Plaintiff has still failed to state a claim upon which relief can be granted, because the allegation that Moving Defendants honored certain warranty claims is not enough to state a claim for successor corporate liability.

It is true that one of the generally recognized exceptions to the general rule of non-liability for a purchaser of corporate assets exists when "the successor expressly or impliedly assumes liability of the predecessor." *JSB Industries, Inc. v. Nexus Payroll Services, Inc.*, 463 F.Supp.2d 103, 109 (D.Mass. 2006).[1]  However, the case law and treatises have uniformly agreed that the mere voluntary payment of <u>some</u> of the debts of the predecessor corporation does not subject the successor corporation to liability for all of the debts of the predecessor corporation.  In the present case, the allegation that Moving Defendants honored some warranty claims and presumably repaired or replaced some bicycle parts cannot support a cause of action for a serious personal injury claim arising out of an entirely different bicycle fork.

One leading corporate law treatise has stated the principle as follows:

> [S]imply agreeing to assume some corporate liabilities does not automatically lead to the implied assumption of all liabillities. . . . [T]he mere fact that the new corporation has voluntarily paid some of the debts of the old corporation is no ground for inferring that it assumed the latter's debts . . .

15 Fletcher, *Fletcher Cyclopedia of the Law of Private Corporations*, § 7124, pp. 295-296 (1990 Ed.)

A recent Massachusetts Superior Court decision has adopted this same analysis.  In *Bowditch & Dewey, LLP v. Diecast Realty Holdings, LLC*, 23 Mass.L.Rep. 25, 2007 Mass.Super.Lexis 362 (August 30, 2007), plaintiff law firm tried to collect legal fees for work

---

[1] Moving Defendants contend that Maine law, rather than Massachusetts law, should govern questions of successor liabilities of two Maine corporations, for the reasons set forth in the Amended Motion to Dismiss. However, for purposes of this particular issue of assumption of debts, the result is the same under the law of either state.

performed for an alleged predecessor corporation based on the fact that defendant had assumed certain accounts payable of the predecessor. *Id.* at *12. The Court rejected this argument and declined to impose liability on the alleged successor. *Id.* at *13-14.

Turning to decisions in other jurisdictions, the United States District Court for the Southern District of New York has applied this principle to defeat a claim for successor liability. In *Marenyi v. Packard Press Corp.*, 1994 U.S.Dist. LEXIS 14190, plaintiff brought a cause of action against a purchaser of corporate assets on the grounds that the alleged successor had settled employment claims made by an employee of the alleged predecessor corporation, which evidenced an intent to assume the liabilities of the alleged predecessor corporation. The court rejected this argument:

> The mere fact of voluntary payment of some of the debts of the predecessor will not ground an inference that the successor assumed all of the former's debts. 15 William M. Fletcher, *Fletcher Cyclopedia of the Law of Private Corporations* § 7124 (perm. ed. rev. vol. 1990). Petitioner has cited no law controverting this truism. I cannot agree with Petitioner that Respondent's participation in the settlement of one claim can be taken to show an intention to assume other debts of Packard, particularly in the absence of any evidence of any representations by Packquisition officers or spokespeople suggestive of such an intention, and the presence of express provisions in the APA and the Human Rights Settlement Agreement disclaiming such an intention.

Id. at *24-25.

Other federal courts have followed this same rule. For example, in *Lickteig v. Tri-Steel Structures, Inc.*, 170 F.Supp.2d 1158 (D.Kan. 2001). plaintiff argued that the defendant's voluntary payment of some of alleged predecessor's debts meant that defendant was liable for all the predecessor's debts. The court rejected this theory of successor liability, because there was no evidence that the defendant specifically intended to assume the debt owed to this particular plaintiff:

> Here, Tri-Steel never expressly assumed responsibility for payment
> to Plaintiffs. Thus, the fact that Tri-Steel voluntarily chose to pay
> some of AFS' debts is of no consequence. The COurt will
> therefore decline to impose liability on Tri-Steel under this theory.

170 F.Supp.2d at 1164.

An appellate court in Washington state has also reached the same conclusion. In *Uni-Com Northwest, Ltd. v. Argus Publishing Company*, 47 Wn.App. 787, 737 P.2d 304 (1987), the court rejected the argument that mere payment of certain debts proves an intent to assume all the debts of the prior corporation:

> [A]n agreement [to assume all liabilities] is not implied from the
> mere fact a new corporation has voluntarily paid some of the debts
> of the old corporation, without further manifestation of an intent to
> pay all its debts.

47 Wn. App. at 801, 737 P. 2d at 311-312, citing 15 *Fletcher, supra*, § 7124

Applying these principles to the present case, it is clear that even if Plaintiff can prove that the Moving Defendants honored certain warranty claims for parts manufactured by Advanced Composite Engineering, that is insufficient to show an intent to assume all of Advanced Composite Engineering's liabilities, or an intent to assume whatever liabilities it may have to Plaintiff. There is no manifestation of intent to assume any liabilities other than the warranty claims that Moving Defendants allegedly honored.

In short, even if Plaintiff can prove the new facts that he now seeks to allege, Plaintiff still loses. There is no reason to subject the Moving Defendants to the cost of discovery and trial in what promises to be a difficult and expensive case, when there are no facts which would support any recovery against Moving Defendants.

For the foregoing reasons, Moving Defendants' Amended Motion to Dismiss should be granted.

DATED at Portland, Maine this 24th day of January, 2008.

        /s/  Paul R. Johnson
Paul R. Johnson, Esq.
BBO # 546165
Attorney for Aegis Handmade Carbon Fiber Bicycles, LLC, Aegis Racing Bikes USA, LLC, And Fastbikes USA, LLC

RICHARDSON, WHITMAN, LARGE & BADGER
465 Congress Street
P. O. Box 9545
Portland, ME  04112-9545
(207) 774-7474
pjohnson@rwlb.com

## CERTIFICATE OF SERVICE

     I hereby certify that this document filed through the ECF system will be sent electronically to the following registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants, on this 24th day of December, 2007.

Sergio C Deganis
Ouellette, Deganis & Gallagher, LLC
143 Main Street
Cheshire, CT 06410
203-272-1157
Email: Sdeganis@ODGWLAW.com

James D. Poliquin
Norman, Hanson & DeTroy
P.O. B ox 4600
415 Congress Street
Portland, ME 04112
(207) 774-7000

Brian H. Sullivan
Sloane & Walsh
3 Center Plaza
Boston, MA 02108
617-523-6010
 Email: bsullivan@sloanewalsh.com

William J. Dailey, Jr.
Sloane & Walsh, LLP
Three Center Plaza
Boston, MA 02108
617-523-6010
Email: wdaileyjr@sloanewalsh.com

Christopher A Callanan
Campbell, Campbell, Edwards & Conroy, PC
One Constitution Plaza
Boston, MA 02129
617-241-3057
 Email: ccallanan@campbell-trial-lawyers.com

James B. Vogts
Wildman, Harrold, Allen & Dixon LLP
225 West Wacker Drive
Chicago, IL 60606-1229
312-201-2670
 Email: vogts@wildman.com

Richard L. Edwards
Campbell, Campbell, Edwards & Conroy, PC
One Constitution Plaza
Boston, MA 02129
617-241-3000
 Email: redwards@campbell-trial-lawyers.com

Terrance J. Hamilton
Casner & Edwards, LLP
303 Congress Street
Boston, MA 02210
617-426-5900
 Email: tjhamilton@casneredwards.com

                     /s/  Paul R. Johnson